**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Patricia S. CALDWELL, Defendant–**
**Appellant.**

**No. 91–30131.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 5, 1992.

Decided March 18, 1993.

Before: D.W. NELSON, REINHARDT and KOZINSKI, Circuit Judges.

KOZINSKI, Circuit Judge:

We consider whether conspiring to make the government's job harder is, without more, a federal crime.

## I

Patricia Caldwell was a bookkeeper for the Northwest Community Exchange. The Exchange was a "warehouse bank," a device people use to keep their financial transactions secret. It used numbered accounts, promised to keep no records of clients' transactions and vowed not to disclose information about the accounts to third parties. The Exchange's ostensible goal was maintaining client privacy, but this privacy also helped the Exchange's customers avoid paying taxes.

When you mess with the IRS, the IRS messes back. The government eventually shut down NCE and arrested several of its customers and employees, including Caldwell. Caldwell was convicted by a jury of conspiring to defraud the United States in violation of 18 U.S.C. § 371, and she now appeals.[1]

## II

The "defraud clause" of 18 U.S.C. § 371 prohibits all conspiracies "to defraud the United States, or any agency thereof in any manner or for any purpose." While this seems to cover only defrauding in the normal sense of the word—acquiring another's property by intentional misrepresentations—the word "defraud" has been read much more broadly. "Defrauding" the government under section 371 means obstructing the operation of any government agency by any "deceit, craft or trickery, or at least by means that are dishonest." *Hammerschmidt v. United States*, 265 U.S. 182, 188, 44 S.Ct. 511, 512, 68 L.Ed. 968 (1924). The conspiracy need not aim to deprive the government of property. *Haas v. Henkel*, 216 U.S. 462, 479, 30 S.Ct.

Edward P. Davis, Jr., Judy Alexander, Pillsbury, Madison & Sutro, San Jose, CA, for defendant-appellant Patricia S. Caldwell.

James A. Bruton, Acting Asst. Atty. Gen., Robert E. Lindsay, Alan Hechtkopf, Karen Quesnel, U.S. Dept. of Justice, Washington, DC, for plaintiff-appellee U.S.

---

1. She was not charged with aiding and abetting    tax avoidance or conspiring to avoid taxes.

249, 253, 54 L.Ed. 569 (1910). It need not involve any detrimental reliance by the government. *Dennis v. United States,* 384 U.S. 855, 861–62, 86 S.Ct. 1840, 1844–45, 16 L.Ed.2d 973 (1966). Neither the conspiracy's goal nor the means used to achieve it need to be independently illegal. *United States v. Tuohey,* 867 F.2d 534, 537 (9th Cir.1989). To convict someone under 18 U.S.C. § 371 the government need only show (1) he entered into an agreement (2) to obstruct a lawful function of the government (3) by deceitful or dishonest means and (4) at least one overt act in furtherance of the conspiracy. *Hammerschmidt,* 265 U.S. at 188, 44 S.Ct. at 512; *United States v. Boone,* 951 F.2d 1526, 1543 (9th Cir. 1991). This is a very broad provision, which subjects a wide range of activity to potential criminal penalties.

Yet the government proposes an even broader reading of section 371, one that eliminates element (3) altogether. It contends *any* conspiracy to obstruct a government function is illegal, Gov't Brief at 15–16, even if the obstruction is not done deceitfully or dishonestly. Under this reading, the government argues, people have a duty "not to conduct their business affairs in such a manner that the IRS would be impeded and impaired in its ... collection of revenue." Gov't Brief at 16–17. Or, as

government counsel candidly asserted at oral argument, "if what you're doing, legal or illegal, is intended to impede and impair the Internal Revenue Service, ... that constitutes a crime under section 371."

█ We think not. The Supreme Court has made it clear that "defraud" is limited only to wrongs done "by deceit, craft or trickery, or at least by means that are dishonest." *Hammerschmidt,* 265 U.S. at 188, 44 S.Ct. at 512.[2] Obstructing government functions in other ways—for example, by violence, robbery or advocacy of illegal action—can't constitute "defrauding." *Id.; see also United States v. Murphy,* 809 F.2d 1427, 1431–32 (9th Cir.1987) (not disclosing something that one has no independent duty to disclose isn't conspiracy to defraud, even if it impedes the IRS).[3]

And surely this is the sensible reading of section 371. Under the government's theory, a husband who asks his wife to buy him a radar detector would be a felon—punishable by up to five years in prison and a fine of $10,000—because their actions would obstruct the government function of catching speeders.[4] So would a person who witnesses a crime and suggests to another witness (with no hint of threat) that they not tell the police anything unless specifically

2. Curiously, the reading the government urges, and its citations to cases that seem to support it, *see* note 3 *infra,* almost exactly parallel the arguments *Hammerschmidt* rejected. 265 U.S. at 185–89, 44 S.Ct. at 511–12.

3. As the government points out, some recent cases do talk of section 371 punishing any conspiracy to obstruct a function of the government, without mentioning the dishonest means requirement. *See Dennis,* 384 U.S. at 861, 86 S.Ct. at 1844 (dictum); *United States v. Johnson,* 383 U.S. 169, 171, 86 S.Ct. 749, 751, 15 L.Ed.2d 681 (1966) (dictum); *Tuohey,* 867 F.2d at 537 (dictum). But we answer this argument the same way *Hammerschmidt,* 265 U.S. at 187, 44 S.Ct. at 512, did when distinguishing *Haas,* 216 U.S. at 479, 30 S.Ct. at 253, a case that also seemed to read "conspiracy to defraud" as broadly as the government suggests: Because those cases involved deceitful and dishonest conduct, they didn't have to decide whether section 371 reached conspiracies to obstruct the government in ways that were neither deceitful nor dishonest. *See Dennis,* 384 U.S. at 858, 86 S.Ct. at 1842 (defendants lied to the govern-

ment); *United States v. Johnson,* 337 F.2d 180, 185–86 (4th Cir.1964) (defendants bribed government officials), *aff'd as to that point,* 383 U.S. 169, 86 S.Ct. 749, 15 L.Ed.2d 681 (1966); *Tuohey,* 867 F.2d at 538 (defendants failed to make required disclosures).

Certainly the Supreme Court thinks *Hammerschmidt* is still good law: *McNally v. United States,* 483 U.S. 350, 358–59 & n. 8, 107 S.Ct. 2875, 2880–81 & n. 8, 97 L.Ed.2d 292 (1987), cited (albeit in dictum) *Hammerschmidt's* "deceit, craft or trickery" language as representing the correct reading of section 371. Moreover, *Dennis* itself cited *Hammerschmidt* with no indication it was being overruled. 384 U.S. at 861, 86 S.Ct. at 1844.

4. Some states do prohibit use of radar detectors, *e.g.,* N.Y.Veh. & Traf.Law § 397–a (only in vehicles weighing over 18,000 pounds); Va.Stat. § 46.2–1079 (applicable to all vehicles), but that's exactly the point: These states explicitly prohibit a specific kind of conduct, rather than demand that citizens refrain from doing anything that might obstruct the highway patrol.

asked about it.[5] So would the executives of a business that competes with a government-run enterprise and lowers its prices to siphon off the government's customers. So would co-owners of land who refuse to sell it for use as a military base, forcing the government to go to the extra trouble of condemning it. So would have Elliot Richardson and William Ruckelshaus, had they agreed with each other to quit if asked by President Nixon to fire Archibald Cox.

The federal government does lots of things, more and more every year, and many things private parties do can get in the government's way. It can't be that each such action is automatically a felony. The government may, if it wants to, explicitly outlaw conduct it thinks unduly obstructs its functions; in fact, in 1987, it enacted a regulation, 31 C.F.R. § 103.37, prohibiting the very conduct at issue in this case. But we're unwilling to conclude Congress meant to make it a federal crime to do *anything*, even that which is otherwise permitted, with the goal of making the government's job more difficult.

## III

The instruction given to the jury reflected the government's spurious theo-

ry.[6] The district court told the jury it should find Caldwell guilty if she merely agreed

> to defraud the United States by impeding, impairing, obstructing and defeating the Internal Revenue Service in ascertaining, computing, assessing and collecting taxes....

> The law relating to [this] element[ ] is as follows:

> ....

> You must find beyond a reasonable doubt that there was a joint plan to obstruct, impede, impair and defeat [the IRS]....

6 RT 1156–57.[7] The district court didn't tell the jurors they had to find Caldwell agreed to do this by deceitful or dishonest means.[8] *Cf.* Leonard B. Sand, John S. Siffert, Walter P. Loughlin & Steven A. Reiss, 1 *Modern Federal Jury Instructions* 19–64 (1992) (recommending instruction that talks of conspiracy to obstruct the government "through fraudulent or dishonest means"); District Judges Ass'n (Sixth Circuit), *Pattern Criminal Jury Instructions* 71 (1991) ("conspiracy to defraud the United States by dishonest means").

Failing to instruct jurors about an essential element of a crime is constitutional error because it lets them convict without finding the defendant guilty of that element. *Cabana v. Bullock,* 474 U.S. 376, 384, 106 S.Ct. 689, 696, 88 L.Ed.2d 704

---

5. When we posed the radar detector hypothetical and the witness hypothetical to government counsel at oral argument, she agreed that the government's reading of section 371 would apply to them.

6. Contrary to the government's contention, this issue was sufficiently preserved for appeal. *See* ER 75–77.

7. The district correctly instructed the jury about the overt act requirement.

8. The instruction's use of the word "defraud" is no substitute for mentioning the deceit/dishonesty requirement. True, the jury *might* have thought the government had to prove both that Caldwell meant to defraud (in the lay sense of the word) *and* meant to do so by impeding, impairing, obstructing and defeating the IRS. But it's equally possible that the jury interpreted

the instruction as *defining* the term "to defraud" to mean "to impede, impair, obstruct and defeat." The government certainly perceived the instruction this way: Its requested instruction read

> [s]ection 371 makes it unlawful to conspire to defraud the United States by [obstructing] the lawful functions of any department of the United States government. The [IRS] *is* an agency of the United States government. *Therefore,* it is a violation of [section 371] to conspire to frustrate or obstruct the IRS in performing its lawful function....

CR 218 at requested instr. 34 (emphasis added).

Moreover, the judge used the word "defraud" only when he first discussed the elements of the offense. When he later tried to explain "[t]he law relating to [this] element[ ]," he told the jury it had to find "a joint plan to obstruct ... the lawful functions of the [IRS]," 6 RT 1156–57— *not* "a joint plan to defraud the United States by obstructing ... the IRS."

(1986). Maybe the jury did think Caldwell meant to obstruct the government in a deceitful or dishonest way, perhaps by failing to file required reports, or by making false statements to the government. But it's also possible the jury took the same view the government urged us to take, and found Caldwell guilty just because she agreed to help obstruct the IRS, even if she didn't agree to do so deceitfully or dishonestly. And because the Sixth Amendment requires that all elements of the crime be found by the jury—not just by appellate judges reviewing the record—we can't say the error was harmless. *United States v. Harrison–Philpot*, 978 F.2d 1520, 1526 (9th Cir.1992); *see also United States v. Gaudin*, 986 F.2d 1267, 1272 (9th Cir.1993); *Carella v. California*, 491 U.S. 263, 268–69, 109 S.Ct. 2419, 2422, 105 L.Ed.2d 218 (1989) (Scalia, J., concurring); *Bollenbach v. United States*, 326 U.S. 607, 614, 66 S.Ct. 402, 406, 90 L.Ed. 350 (1946).

## IV

Making it easy for people to cheat on their taxes hardly deserves a good conduct medal. And Caldwell might indeed have conspired to obstruct the government by deceitful or dishonest means; the government may still try to prove this by retrying her before a properly instructed jury. But what the government actually did prove—that Caldwell conspired to make the IRS's job harder—just isn't illegal.

There are places where, until recently, "everything which [was] not permitted [was] forbidden.... [W]hatever [was] permitted [was] mandatory.... Citizens were shackled in their actions by the universal passion for banning things." *Yeltsin Addresses RSFSR Congress of People's Deputies*, BBC Summary of World Broadcasts, Apr. 1, 1991, *available in* LEXIS, Nexis Library, OMNI file. Fortunately, the United States is not such a place, and we plan to keep it that way. If the government wants to forbid certain conduct, it may forbid it. If it wants to mandate it, it may mandate it. But we won't lightly infer that in enacting 18 U.S.C. § 371 Congress meant to forbid all things that obstruct the government, or require citizens to do all those things that could make the government's job easier. So long as they don't act dishonestly or deceitfully, and so long as they don't violate some specific law, people living in our society are still free to conduct their affairs any which way they please.

**REVERSED.**