**UNITED STATES of America, Appellee,**

v.

**Emile RABINOWITZ, Appellant.**

No. 94–2495.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 14, 1995.

Decided June 6, 1995.

Peter J. Thompson, Minneapolis, MN, argued (John W. Lundquist, on the brief), for appellant.

Andrew Mark Luger, Minneapolis, MN, argued (David L. Lillehaug and Douglas R. Peterson, on the brief), for appellee.

Before FAGG, MAGILL, and LOKEN, Circuit Judges.

FAGG, Circuit Judge.

Tax accountants and former business partners Emile Rabinowitz and Gary Rieland designed a convoluted series of financial transactions, including wire transfers, to divert $701,000 from a client and to conceal the diversion from the client and the Internal Revenue Service (IRS). Rabinowitz and Rieland did not pay income taxes on the fraud income. The IRS eventually unraveled the scheme, and in Count I of a multicount indictment, the Government charged Rabinowitz and Rieland with violating 18 U.S.C. § 371, which prohibits conspiracies to commit an offense against the United States or to defraud the United States or one of its agencies. A jury rendered a general verdict convicting both men of the conspiracy and other crimes. The district court sentenced Rabinowitz to forty-one months in prison on the conspiracy count. Rabinowitz appeals his conspiracy conviction and sentence. We affirm.

Rabinowitz argues Count I of the indictment is duplicitous because it joins two separate crimes in a single count, and thus the district court should have granted his pretrial motion to dismiss the indictment. Count I charges Rabinowitz with conspiracy to defraud the client by using a wire transfer and to defraud the United States by impeding the IRS's assessment and collection of income taxes on the fraud proceeds. The Government believes Count I charges a single conspiracy with two objects. According to the Government, there is only one conspir-acy in this case because the criminal acts supporting the two objects are interrelated.

We need not decide whether Count I is duplicitous because the district court's jury instructions cured any duplicity. "The principal vice of a duplicitous indictment is that the jury may convict a defendant without unanimous agreement on the defendant's guilt with respect to a particular offense." *United States v. Karam,* 37 F.3d 1280, 1286 (8th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1113, 130 L.Ed.2d 1077 (1995). The risk of a nonunanimous jury verdict inherent in a duplicitous count may be cured by a limiting instruction. *Id.* That is the case here. The district court instructed the jury that the Government only had to prove a conspiracy either to commit wire fraud or to impede the IRS, but that if the Government only proved a conspiracy to commit one of the two offenses, the jury must unanimously agree on which offense the defendants conspired to commit. We must assume that the jury followed these instructions. *Id.*

Rabinowitz also argues his conspiracy conviction must be set aside because of a statute of limitations problem. To satisfy the statute of limitations, the Government had to show the conspiracy continued to exist within five years before the indictment and a conspirator performed at least one overt act to further the conspiracy within the five-year period. *United States v. Hauck,* 980 F.2d 611, 613 (10th Cir.1992). Rabinowitz argues there is no evidence of an overt act furthering the conspiracy to commit wire fraud after August 25, 1988, five years before his indictment, and his conviction must be overturned because we cannot tell from the jury's general verdict whether the jury convicted Rabinowitz of conspiracy to commit wire fraud alone. *See United States v. Bucey,* 876 F.2d 1297, 1312 n. 27 (7th Cir.), *cert. denied,* 493 U.S. 1004, 110 S.Ct. 565, 107 L.Ed.2d 560 (1989). We reject Rabinowitz's argument.

The district court instructed the jury that to find Rabinowitz guilty of conspiracy to commit wire fraud, it must find the conspiracy continued past August 25, 1988. The jury could reasonably make this finding. Rabinowitz filed a tax return omitting the

fraud income in 1989, and during a tax audit later that year, Rabinowitz continued his efforts to conceal the wire fraud by lying to a revenue agent about some of the 1985 financial transactions. The jury could reasonably find these efforts at concealment were part of a conspiracy to commit wire fraud. The district court properly instructed the jury that acts of concealment further a conspiracy when concealment is a central purpose of the conspiratorial agreement. *Grunewald v. United States*, 353 U.S. 391, 405, 77 S.Ct. 963, 974, 1 L.Ed.2d 931 (1957). When concealment is necessary to accomplish a crime successfully, acts of concealment are properly considered to be within the conspiracy. *United States v. Gleason*, 766 F.2d 1239, 1242 (8th Cir.1985), *cert. denied*, 474 U.S. 1058, 106 S.Ct. 801, 88 L.Ed.2d 777 (1986). Indeed, we have held that a conspiracy covered by 18 U.S.C. § 371 necessarily contemplates acts of concealment to accomplish its objectives. *Id.; see Tramp v. United States*, 978 F.2d 1055, 1055 (8th Cir.1992) (per curiam) (indictment for conspiracy under 18 U.S.C. § 371 proper when government alleges defendant conspired to violate wire fraud statute). We conclude the statute of limitations was satisfied.

Rabinowitz next argues the district court committed plain error in failing to instruct the jury on an essential element of defrauding the United States in violation of § 371: the use of deceitful or dishonest means. *See United States v. Caldwell*, 989 F.2d 1056, 1059–61 (9th Cir.1993); *see also United States v. Murphy*, 957 F.2d 550, 553 (8th Cir.1992) (listing elements of crime). We disagree. Count I of the indictment specifically described the charged conspiracy as one to "defraud" the United States by impeding the IRS, and the district court read the entire indictment during the jury instructions. Nothing in the record suggests the jury was led to believe the term meant anything other than its common definition. To the contrary, in explaining the elements of wire fraud, the district court defined a "scheme to defraud" as including "any plan or course of action intended to *deceive or cheat* another out of money, property or property rights." Viewing the entire record, including all the jury instructions and the

proof at trial, we conclude the district court's failure specifically to define the term "defraud" in the context of impeding the IRS was not plain error. *United States v. Knapp*, 25 F.3d 451, 455 (7th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 493, 130 L.Ed.2d 404 (1994).

Rabinowitz also challenges the sufficiency of the conspiracy evidence, the admission of certain evidence offered by the Government, and his guidelines sentence, specifically, the selection of the base offense level and the application of enhancements for more than minimal planning, use of a special skill, and obstruction of justice. Having carefully considered the merits, we reject these challenges. Accordingly, we affirm.