**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ronald Lee CHAPPELL, Defendant–Appellant.**

No. 99–10254.

D.C. No. CR–97–00216–GEB.

United States Court of Appeals, Ninth Circuit.

---

Submitted June 15, 2001 *.

Decided July 24, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before HILL,** GRABER, and McKEOWN, Circuit Judges.

MEMORANDUM ***

Based upon the following, the judgment of conviction for Ronald L. Chappell is affirmed.

A. *Sufficiency of the Evidence as to 18 U.S.C. § 371*

In order to convict Ronald L. Chappell of conspiring to defraud the Internal Revenue Service under this statute, the government had to prove that he (1) entered into an agreement (2) to impede, impair, obstruct or defeat the lawful assessment and collection of income taxes, (3) by deceitful and dishonest means, and (4) that he perpetrated at least one overt act in furtherance of the conspiracy. *United States v. Caldwell*, 989 F.2d 1056, 1058 (9th Cir.1993).

At trial, the government called fourteen witnesses. Former clients testified that, in a "pass," although they conveyed their businesses and homes into Chappell's trust program, they continued to control the assets, while deducting personal and household expenditures as business expenses. One client also testified that Chappell told him to conceal information from the Internal Revenue Service and destroy relevant documents.

Former trustees testified that they were mere figureheads, with no real control over trust assets, and no effective decision making power. They said that documentation of trustee meetings was often fictitious.

The government also introduced at trial seized documents in which a circular series of three domestic and foreign trusts was established, each a beneficiary of the next. Bank account evidence showed that Chappell was a signatory on accounts used to funnel money to the offshore system and back to the United States. Fellow accountants and lawyers testified that they had expressed extreme skepticism about the legality of the offshore trust program to Chappell, both orally and in writing. The investigating Internal Revenue Service agent testified that Chappell had withheld evidence from her.

Chappell called three character witnesses at trial and also testified himself. On cross-examination, he admitted that he had paid no personal income taxes from 1992 to the date of trial. He based his defense primarily on his personal belief that the offshore trust program was a valid method of reducing income taxes and that the Internal Revenue Service and other powerful people were merely part of an effort to conceal the tax benefits of his trusts from the common people.

We have examined the record closely and hold that the evidence presented at trial to the jury supports a finding that Chappell engaged in a conspiracy to market a sham offshore trust program with the intention to conceal income from the Internal Revenue Service in violation of § 371. *See Caldwell*, 989 F.2d at 1058; *see also United States v. Huebner*, 48 F.3d 376, 381 (9th Cir.1994); *United States v. Boone*, 951 F.2d 1526, 1543 (9th Cir.1991).

** Hon. James C. Hill, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**B. Sufficiency of the Evidence as to 26 U.S.C. § 7206(2)**

In order to convict Chappell of violating this statute, the government had to prove that he (1) aided in the preparation or presentation of the returns, (2) that he knew that the returns were fraudulent or false, and (3) that he acted willfully. *United States v. Salerno*, 902 F.2d 1429, 1432 (9th Cir.1990).

At trial, a former client testified that Chappell prepared his tax returns reflecting the sham offshore trust transactions. Other clients testified that Chappell's son Peter signed fraudulent returns at the supervision of his father.

Again, we have closely scrutinized the record. We conclude that the evidence supports a finding that Chappell participated in the preparation of fraudulent and false income tax returns that concealed the nature of the offshore trust system from the Internal Revenue Service, assisting his clients in evading federal income taxes in violation of § 7206(2). *Id.*

**C. Constitutional Challenge to Sham–Transaction Doctrine.**

Chappell raises for the first time on appeal a constitutional challenge to the sham transaction doctrine. Because he did not raise this claim below, he has waived it. *United States v. Tisor*, 96 F.3d 370, 378 (9th Cir.1996); *United States v. Horodner*, 91 F.3d 1317, 1319 (9th Cir. 1996).

AFFIRMED.