UNITED STATES of America,
Plaintiff—Appellee,

v.

Gary A. DEMOTT, Defendant—
Appellant.

United States of America,
Plaintiff—Appellee,

v.

Terry M. Roark, Defendant—Appellant.

United States of America,
Plaintiff—Appellee,

v.

Miken B. Powell, Defendant—
Appellant.

Nos. 01–30208, 01–30209, 01–30451.
D.C. No. CR–00–00079–EJL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 6, 2003.

Decided Jan. 28, 2003.

Before WALLACE, TROTT and TASHIMA, Circuit Judges.

## MEMORANDUM *

DeMott, Roark and Powell appeal from their convictions for conspiracy to defraud the United States and conspiracy to commit acts against the United States for their tax evasion operation. The district court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction over these timely appeals pursuant to 28 U.S.C. § 1291. We affirm.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

■ DeMott and Roark's principal argument for reversal of their convictions is the alleged variance between the indictment, which charged them with "unlawfully and knowingly conspir[ing], combin[ing] and agree[ing] together and with each other . . . (a) to defraud the United States for the purpose of impeding . . . the lawful function of the Internal Revenue Service . . .; and (b) to commit offenses against the United States, specifically and willfully to aid and assist in . . . the preparation and presentation to the [IRS] of tax returns that were false and fraudulent as to material matters . . ." and the district court's instruction to the jury that, in order to convict, it had to find that there was an agreement to defraud the United States or to commit acts of aiding and abetting the preparation or presentation of false tax returns. DeMott and Roark's argument that the jury therefore was not instructed to be unanimous fails, however, because of the district judge's specific instruction that the jury "must find that there was a plan to commit at least one of the crimes alleged in counts 2–8 of the indictment [the specific instances of tax fraud] as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit." This instruction required that the jury be unanimous to convict on a conspiracy to commit specific acts of tax fraud and required unanimity as to which acts furthered that conspiracy. There is thus no question that the jury was unanimous in convicting for the existence of a conspiracy in violation of 18 U.S.C. § 371.

■ DeMott and Roark also argue that the trial court committed reversible error when it admitted evidence of their land patent scheme because it impermissibly implied that they had done something

of this circuit except as provided by Ninth Circuit Rule 36–3.

illegal. A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. *United States v. Castillo,* 181 F.3d 1129, 1134 (9th Cir.1999). Decisions to admit or exclude will be reversed for an abuse of discretion only if the nonconstitutional error more likely than not affected the verdict. *United States v. Ramirez,* 176 F.3d 1179, 1182 (9th Cir.1999). DeMott and Roark argue that the evidence was not relevant because the land patent service neither served to defraud nor attempted to defraud the United States, nor was it related to the filing of false tax returns. However, the sale of worthless land patents was one of the government's charged means by which the conspiracy was carried out. Whether DeMott and Roark held themselves out as able to sell land patents was relevant to whether they were engaged in a general scheme to defraud the government. Therefore, the evidence was relevant. Their argument that this evidence was "bad character" evidence prohibited by Federal Rule of Evidence 404(b) fails because it went to their state of mind in the creation and maintenance of their conspiracy to defraud the government. Although DeMott and Roark argue that the evidence, if it proves anything, proves that they were engaged in a conspiracy to defraud their own clients, not the government, the evidence tended to show that they were engaged in a conspiracy to conceal assets from the IRS: to defraud the government. There was no abuse of discretion.

■ They also assign error to the following instruction: "Land patents do exist. It is the sole authority of the Secretary of the Interior or his duly appointed designee to issue land patents. A land patent created solely by a taxpayer to protect assets is not sufficient by itself to create good title." DeMott and Roark argue that there was no evidence that they were trying to create

land patents, and that the instruction therefore amounts to a factual finding that they were engaged in illegal activity that the jury was instructed to believe. But since jury instructions are to be "viewed in the context of the charge as a whole," *Cupp v. Naughten,* 414 U.S. 141, 146–47, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973), and the district court instructed the jury that it was to find the facts from all the evidence and "follow all of [the Court's instructions] and not single out some and ignore others," there was no error in correctly instructing the jury that land patents cannot validly be created by taxpayers. Although DeMott further argues that the instruction unfairly eclipsed their good faith defense, there is no basis for us to make that determination. The district court's instruction that taxpayers may not legally create land patents does not foreclose the defense that DeMott and Roark believed it was legal to sell or update land patents. The jury was separately instructed that proof of good faith negates the criminal state of mind necessary to convict DeMott and Roark. Therefore, there was no error.

■ Roark separately argues that the evidence was insufficient to sustain his conviction for conspiring to defraud the United States in violation of 18 U.S.C. § 371. To sustain Roark's conviction under section 371, the evidence must establish beyond a reasonable doubt (1) the existence of an agreement to defraud the United States by deceitful or dishonest means; (2) the commission by one of the conspirators of an overt act in furtherance of the conspiracy; and (3) Roark's knowing participation in the conspiracy. *United States v. Caldwell,* 989 F.2d 1056, 1059 (9th Cir.1993). Roark's argument centers on whether he knowingly participated in the conspiracy; he asserts he was merely an unwitting assistant rather than a knowing partner in crime. Roark admits that the government proved that:

He performed legal research for Gary DeMott. He drafted pleadings for Mr. DeMott's clients. He acted as the creator, exchanger or trustee on various trusts belonging to Mr. DeMott's clients, and in one instance assisted with quitclaiming a house out of a trust. He discussed land patents with one of Mr. DeMott's clients.

As "evidence of only a slight connection is necessary to convict a defendant of knowing participation" in a conspiracy, *United States v. Arbelaez*, 719 F.2d 1453, 1458–59 (9th Cir.1983), the government carried its burden on this element. Roark admits that the government proved he was an active participant in the creation of sham trusts and advised at least one client with respect to land patents. This is far more than "only a slight connection." Viewing the evidence in the light most favorable to the government, as we must, any rational trier of fact could have found that Roark knowingly participated in the conspiracy beyond a reasonable doubt. *United States v. Carranza*, 289 F.3d 634, 641–42 (9th Cir.2002). The evidence was sufficient.

■ Powell also argues that the evidence at her trial was insufficient to support her convictions on Counts 2–8 of the indictment, which charged her with seven instances of aiding and assisting the preparation of fraudulent tax returns. To sustain this conviction under 26 U.S.C. § 7206(2), the government must prove beyond a reasonable doubt (1) that Powell aided, assisted or otherwise caused the preparation of a return; (2) that the return was fraudulent or false as to a material matter; and (3) that Powell's conduct was willful. *United States v. Dahlstrom*, 713 F.2d 1423, 1426–27 (9th Cir.1983). Powell asserts that she was merely DeMott's typist, she believed his tax theories were correct, and therefore she did not "willfully" aid in the preparation of a false tax return.

In prosecutions for tax offenses, " 'willfulness' refers to a voluntary, intentional violation of a known legal duty." *Cheek v. United States*, 498 U.S. 192, 201, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991). Proof that Powell knew of her duty and voluntarily and intentionally violated that duty "may be inferred from the facts and circumstances of [her] conduct." *United States v. Marchini*, 797 F.2d 759, 766 (9th Cir. 1986). Powell knew it was her duty to report income as someone who aids and assists in the preparation of tax returns. Powell was a licensed CPA who, before working with DeMott, had spent years preparing tax returns under the recognized requirement that income is taxable. Powell had been previously involved in a sham trust scheme, and warned by the IRS that such trusts were invalid. When she joined DeMott's operation, she was paid $125 per trust and $250 per return; far more than a mere "typist" would make. DeMott relied on her expertise as a CPA, and used Powell to train another employee in tax return preparation. Powell encouraged DeMott to begin using IRS form 1040X, instead of a form letter, to expedite their clients' fraudulent "refund" demands. She was advised in 1998 that the "nontaxable income theories" on which she based her own tax returns (the same as that advocated by DeMott) had been repeatedly rejected by courts, yet she continued preparing returns based on those theories. Finally, she admitted that she believed DeMott's theories "not as a CPA, but as an individual." There was more than enough evidence from which the jury could find that Powell knew about her duty to report income as one who prepared returns, and willfully violated that duty by helping DeMott defraud the IRS.

AFFIRMED.