Nicolas COLUCCIO, Petitioner,

v.

UNITED STATES, Respondent.

No. 99–CV–6625 (ADS).

United States District Court,
E.D. New York.

April 14, 2004.

Dale L. Smith, Esq., New York City, for Petitioner.

United States Department of Justice, Criminal Division by Barry Jonas, Senior Trial Attorney, Washington, DC, Andrew J. Weinstein, Esq., New York City, for Respondent.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Nicolas Coluccio ("Coluccio" or "Petitioner") moves this Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §§ 2255 and 2241. Coluccio also asks the Court for an order "permitting defendant to withdraw [his] guilty plea and conducting an evidentiary hearing [on his claims in the instant petition]." Pet. at 1. For the reasons stated below, Coluccio's petition, motion to withdraw his guilty plea, and request for an evidentiary hearing are denied in their entirety.

### BACKGROUND

Nicolas Coluccio was charged as being a co-conspirator in a *Klein* scheme in the early to mid 1990s to defraud the United States by "impeding, impairing, obstructing, and defeating the law government functions of the Internal Revenue Service" in violation of 18 U.S.C. § 371. Indictment at 2–3. Specifically, Coluccio participated in "a wide-spread scheme of Royce Aerospace to obtain cash to pay kick backs." Sent. Mins. at 15. He personally

cashed approximately $76,000 in Royce Aerospace checks, some of which were issued to fictitious companies, and then he gave the money to his co-defendants to enable them to pay kickbacks to secure Government contracts. The cash received from these checks was not declared and these checks were fraudulently recorded as business deductions on Royce's corporate income tax returns. *Id.*

On June 12, 1998, Coluccio pled guilty before this Court to the sole count in the indictment, namely, conspiracy-to-defraud, in violation of 18 U.S.C. § 371. During his allocution, Coluccio stated that "during the early to mid 90s, I agreed with others to defraud the government by impairing the ability of the IRS to ascertain income taxes. As part of that agreement, I cashed checks on a number of occasions at Chemical Bank. Although not personally aware of many of the allegations in the indictment, and although I did not personally derive any benefit from engaging in such conduct, I was aware and knew that my actions would somehow result in the government being frustrated in ascertaining income tax." Plea Mins. at 21–22. Coluccio further acknowledged that, when he "cashed the checks," he knew that "this was part of a conspiracy to prevent somebody from paying taxes." *Id.* at 22. In addition, he stated that he realized that these cashed checks would have to be "legally report[ed] but that [he was] helping them in the scheme to hide ... the failure to pay taxes." *Id.* The Court accepted Coluccio's guilty plea.

On October 16, 1998, this Court sentenced Coluccio to probation for three years, a $5,000 fine and a $100 special assessment. Coluccio did not directly appeal his conviction to the Second Circuit or seek any other post-conviction relief.

On October 15, 1999, Coluccio filed the instant petition, alleging that (1) he was denied the effective assistance of counsel by Andrew J. Weinstein, Esq., in that counsel failed to properly advise him of the "deceitful/dishonest means" element of a *Klein* conspiracy before he pled guilty and counsel did not conduct an adequate investigation; (2) his guilty plea was obtained in violation of Rule 11 of the Federal Rules of Criminal Procedure because the Court "failed to personally inform and discuss with Mr. Coluccio the four essential elements of the *Klein* conspiracy," Pet. at 13; and (3) his due process rights were violated because his guilty plea was not knowing, intelligent, or voluntary due to the fact that he was unaware of the "deceitful/dishonest means" element of the conspiracy charge at the time he pled guilty. Coluccio also claims that the indictment was deficient as to informing him of this element. Coluccio concludes that he "realize[s] now that [he is] in fact innocent of the crime to which [he] pled guilty" because there was insufficient evidence to prove the "deceitful/dishonest means" element of the conspiracy. Pet'r Aff. at 3. He bases this conclusion, in large part, upon the fact that his co-defendants, Anthony Sainato and Vincent Sainato, utilized this defense at trial and were acquitted. Pet. at 10.

Because Coluccio claims he was uninformed of all the essential elements of a *Klein* conspiracy at the time of his guilty plea, he also moves to withdraw his guilty plea and asks the Court to conduct an evidentiary hearing on his claims.

### DISCUSSION

The crux of Coluccio's petition is that he was never informed by counsel, the Court, or the prosecution, of the "deceitful/dishonest means" element of a *Klein* conspiracy under 18 U.S.C. § 371. This argument mirrors the claim raised by his co-defendants Anthony and Vincent Sainato, in their motion to dismiss a separate su-

perceding indictment as deficient for failure to explicitly state the "deceitful or dishonest means" by which the IRS was impeded. *See United States v. Sainato,* 33 F.Supp.2d 155 (E.D.N.Y.1998). The Court notes that Dale L. Smith, Esq., Petitioner's present counsel, also represented Vincent Sainato in that motion, which addressed Mr. Sainato's responsibility in the *Klein* conspiracy involving Royce Aerospace. That indictment reflects the same exact language used in the present indictment.

 As this Court held in *Sainato,* "it is well-established that the term 'defraud' as used in section 371 ... 'not only reaches schemes which deprive the Government of money or property, but also is designed to protect the integrity of the United States and its agencies.'" *Sainato,* 33 F.Supp.2d at 158 (quoting *United States v. Ballistrea,* 101 F.3d 827, 831 (2d Cir. 1996)). This Court noted that "[Section 371] covers acts that 'interfere with or obstruct one of [the United States] lawful Governmental functions by deceit, craft or trickery, or at least by means that are dishonest.'" *Sainato,* 33 F.Supp.2d at 158 (quoting *Ballistrea,* 101 F.3d at 831). As enunciated in *Ballistrea,* the four elements of a *Klein* conspiracy are: (1) the defendant entered into an agreement with one or more people; (2) to obstruct a lawful Government function; (3) by deceitful or dishonest means; and (4) committed at least one overt act in furtherance of the conspiracy. *Id.* at 832 (citing *United States v. Caldwell,* 989 F.2d 1056, 1059 (9th Cir.1993)).

 This Court finds, as it did in *Sainato,* that the indictment was sufficient as a matter of law and that it fully informed the Petitioner of the "deceitful/dishonest means" element of the crime to which he pled guilty. Similar to the *Sainato* indictment, the present indictment used the same exact language to describe Section

371 and specified the time frame of the conspiracy, the checks involved, and the periods of the conspiracy. Utilizing the "Second Circuit's 'common sense' approach to reading indictments ... the allegation that the defendants conspired to defraud the IRS by issuing checks to fictitious individuals and entities makes out an act of 'dishonesty and deceit,' even without the ritualistic recitations of the words 'deceitful and dishonest.'" *Sainato,* 33 F.Supp.2d at 159. Therefore, Coluccio's claim that he only pled guilty because he believed he would be found guilty of this crime by simply cashing the Royce checks lacks merit, because he was well-informed by the indictment that the prosecution must prove that he committed an act of dishonesty or deceit. *See* Coluccio Aff. at 3.

 Further, the Petitioner admitted in his plea allocution that he "agreed with others to defraud the government by impairing the ability of the IRS to ascertain income taxes." Plea Mins. at 21. He stated that, "when he cashed the checks," he knew that "this was part of a conspiracy to prevent somebody from paying taxes ... and these cashed checks would have to be "legally report[ed] but that [he] was helping them in the scheme to hide ... the failure to pay taxes." *Id.* at 21–22. Therefore, Coluccio was aware of the "deceitful or dishonest means" element at the time of his guilty plea and he cannot claim that counsel never informed him of this element, or that the Court never advised him of this element, and that the indictment did not clearly properly set forth this element.

In addition, Andrew J. Weinstein, Esq., Coluccio's then counsel, states in an affidavit that he properly advised Coluccio of all the *Klein* elements. In his affidavit, Mr. Weinstein states that he extensively discussed the defenses available to Petitioner, including challenging the "deceitful or dis-

honest means" element. *See* Andrew J. Weinstein Aff. at 7–10. Based upon Petitioner' desire to avoid a trial and to prevent further charges on his "uncharged criminal conduct," counsel reached a favorable disposition that avoided any time in prison for the Petitioner. *Id.* at 5–6. Mr. Weinstein also informed Coluccio that if he proceeded to trial, the Government would have to prove more than the mere fact that Petitioner cashed these checks in order to convict him. *Id.* at 8 ("I very clearly told Mr. Coluccio that he could *not* be convicted if all that he did was innocently cash the Royce checks as part of his regular banking and job responsibilities").

In any event, the Court finds that Mr. Weinstein was constitutionally effective as counsel, including his decision not to further investigate Royce employees. *See Strickland v. Washington,* 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ("counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary").

█ Also, Petitioner did not pursue a direct appeal on his claim that he did not give a knowing and voluntary plea. "A motion under § 2255 is not a substitute for an appeal." *Rosario v. United States,* 164 F.3d 729, 732 (2d Cir.), *cert. denied,* 527 U.S. 1012, 119 S.Ct. 2355, 144 L.Ed.2d 250 (1999) (citing *United States v. Munoz,* 143 F.3d 632, 637 (2d Cir.1998)). Because Coluccio did not file a direct appeal, he can only bring this Section 2255 petition upon a showing of cause and prejudice resulting therefrom or actual innocence. *Rosario,* 164 F.3d at 732. Coluccio fails to demonstrate cause and prejudice and he does not claim actual innocence. Moreover, his argument that he "would have filed a notice of appeal and challenged his conviction if he had been made aware of the [deceitful/dishonest element]," Pet. at 5, lacks merit because he was cognizant of all the *Klein* elements at the time of his plea allocution and, well before his time to appeal expired.

With the benefit of hindsight and apparently expressing envy upon hearing of his co-defendants' acquittal, Petitioner insists on blaming counsel for his own knowing decision to plead guilty. The Court notes that Petitioner avoided serving any prison time and in fact, his probation sentence has now been completed. In sum, after reviewing his petition, the Court believes that Petitioner was not denied the effective assistance of counsel; his guilty plea was properly obtained; and his due process rights were not violated. Coluccio gave a knowing, intelligent, and voluntary guilty plea. Accordingly, the Court denies Coluccio's petition and declines to permit him to withdraw his guilty plea pursuant to Rule 32(d) of the Federal Rules of Criminal Procedure.

### CONCLUSION

For the reasons stated above, Coluccio's petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2255 and 2241, motion to withdraw his guilty plea, and request for an evidentiary hearing are DENIED in their entirety. Pursuant to Fed. R.App. Pro. 22(b) and 28 U.S.C. § 2253(c)(2), a certificate of appealability is denied, as Coluccio has not made a substantial showing of a denial of a constitutional right. *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003); *Lucidore v. New York State Div. of Parole,* 209 F.3d 107, 112 (2d Cir.2000).

The Clerk of the Court is directed to close this case.

**SO ORDERED.**