**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4947**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BO WEI HUA,

Defendant - Appellant.

**No. 05-5001**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ZHIHAO LIU,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis, III, District Judge. (CR-05-193)

Submitted: October 11, 2006      Decided: November 30, 2006

Before WILKINSON, WILLIAMS, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

———————————

John O. Iweanoge, THE IWEANOGES FIRM, P.C., Washington, D.C.; Michael S. Nachmanoff, Acting Federal Public Defender, Geremy C. Kamens, Assistant Federal Public Defender, Frances H. Pratt, Research and Writing Attorney, Alexandria, Virginia, for Appellants. Chuck Rosenberg, United States Attorney, Paul Ahern, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Bo Wei Hua and Zhihao Liu appeal their jury convictions and resulting sentences for conspiring to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2) (2000). We affirm.

Liu contends the district court erroneously instructed the jury that concealment of the crime was part of the conspiracy. This court reviews a contested jury instruction for abuse of discretion. United States v. Park, 421 U.S. 658, 675 (1975). The judgment is not subject to reversal if, given the full context of the trial, "the charge was not misleading and contained an adequate statement of the law to guide the jury's determination." United States v. United Med. & Surgical Supply Corp., 989 F.2d 1390, 1406-07 (4th Cir. 1993) (quoting United States v. Park, 421 U.S. at 675). Because concealment of identity is central to the objective of using fraudulent credit cards, we conclude that the district court correctly instructed the jury that concealment was a central part of this conspiracy. See Grunewald v. United States, 353 U.S. 391, 399-402, 405 (1957); United States v. Rabinowitz, 56 F.3d 932, 934 (8th Cir. 1995).

Hua contends the evidence was insufficient to sustain her conviction. This court must affirm Hua's jury conviction if there is substantial evidence, when viewed in the light most favorable to the Government, to support the jury's verdict. Glasser v. United States, 315 U.S. 60, 80 (1942). In determining whether the

evidence is substantial, this court views the evidence in the light most favorable to the government and inquires whether there is evidence sufficient to support a finding of guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996). In evaluating the sufficiency of the evidence, the court does not review witness credibility and assumes the jury resolved all contradictions of the evidence in the government's favor. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998). The jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented, and if the evidence supports different reasonable interpretations, the jury decides which to believe. United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994). Circumstantial as well as direct evidence is considered, and the government is given the benefit of all reasonable inferences from the facts proven to the facts sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). After careful consideration of the record, we find the evidence sufficient to sustain Hua's conviction.

Finally, Hua asserts that the trial court abused its discretion by refusing to allow her to present evidence and instruct the jury on the defense of duress. "In order to establish duress the defendant must show that he acted under a reasonable fear of an imminent threat of bodily harm and that he had no reasonable choice but to commit the illegal act." United States v.

- 4 -

<u>King</u>, 879 F.2d 137, 139 (4th Cir. 1989) (emphasis in original) (citations omitted).  However, duress "is limited to very narrow circumstances."  <u>Id.</u> at 138.  Hua contends she was "compelled" to use fraudulent credit cards under threat of harm to her daughter.  Even assuming Hua's testimony is credible, as the district court noted, any alleged threat of harm was not imminent.  <u>See</u>, <u>e.g.</u>, <u>Buczek v. Continental Cas. Ins. Co.</u>, 378 F.3d 284, 291 (3d Cir. 2004) (employing dictionary definitions of "ready to take place; near at hand" and "likely to occur at any moment; impending") (citations omitted); <u>United States v. Tokash</u>, 282 F.3d 962, 970 (7th Cir. 2002) (noting that "future" or "later" and "imminent" are opposites).  Furthermore, Hua possessed the reasonable alternative of reporting the threat to local or federal authorities.  Therefore, we hold that the district court did not err in refusing the duress instruction.

Accordingly, we affirm Hua's and Liu's convictions and sentences.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>