UNITED STATES of America,
Plaintiff–Appellee,

v.

Wayne C. BENTSON, Defendant–Appellant.

No. 05–10452.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 8, 2007.

Filed Feb. 13, 2007.

---

Robert L. Miskell, AUSA, Office of the U.S. Attorney, Tucson, AZ, Mark T. Odulio, Department of Justice Tax Division, Washington, DC, for Plaintiff–Appellee.

Wayne C. Bentson, Anthony, TX, pro se.

Michael A. Harwin, Tucson, AZ, for Defendant–Appellant.

Before: HUG, TASHIMA, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Wayne C. Bentson ("Bentson") appeals his 2004 conviction in the District of Arizona for conspiracy to defraud the United States. Bentson argues that: 1) the conspiracy count of his indictment was fatally defective; 2) there was insufficient evidence to sustain his conviction; 3) the trial court violated his constitutional rights by placing a time limit on his defense; 4) the trial court erred in failing to give a necessary jury instruction; 5) the district court erred in its jury instruction regarding 18 U.S.C. § 371; 6) the district court erroneously admitted evidence without proper foundation; and 7) a variance between the indictment and the proof at trial resulted in undue prejudice. We have jurisdiction under 28 U.S.C. § 1291. We find Bentson's allegations to be without merit, and therefore AFFIRM.

### 1. Sufficiency of the Indictment

■ When raised for the first time on appeal, the sufficiency of an indictment is reviewed for plain error. *United States v.*

*Gondinez–Rabadan,* 289 F.3d 630, 632 (9th Cir.2002). An indictment must "fairly inform[ ] a defendant of the charge against which he must defend." *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). Bentson contends that the omission of "deceitful or dishonest means," a case-derived element of the crime of conspiring to defraud the United States, *see Hammerschmidt v. United States,* 265 U.S. 182, 188, 44 S.Ct. 511, 68 L.Ed. 968 (1924); *United States v. Caldwell,* 989 F.2d 1056, 1059 (9th Cir.1993), renders his indictment fatally defective. However, Bentson's indictment included the applicable portion of the charged statute, and provided sixty-five examples of the means by which the conspiracy was carried out. Under the liberal plain error standard, this was enough to adequately inform Bentson of the charged offense. *See United States v. Geiger,* 263 F.3d 1034, 1040 (9th Cir.2001).

### 2. Sufficiency of Evidence

■ We review the sufficiency of evidence produced at trial de novo. *United States v. Manion,* 339 F.3d 1153, 1157 (9th Cir.2003). A conviction will be upheld if "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Bautista–Avila,* 6 F.3d 1360, 1362 (9th Cir.1993) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). Bentson, relying on *Caldwell,* argues that the government failed to produce required evidence of deceit or dishonesty, relying instead upon mere income concealment evidence. *See Caldwell,* 989 F.2d at 1058–60.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

However, Bentson's activities go beyond concealment. We have indicated that the failure to file required reports alone may be considered deceitful and dishonest. *Id.* at 1061. Bentson's failure to file multiple tax returns, instructions to others not to file and on how to avoid IRS scrutiny, use of hidden offshore accounts, and the resulting government loss of over one million dollars constitute deceitful or dishonest means. It is therefore reasonable that a rational jury could have found the evidence sufficient to prove deceit or dishonesty beyond a reasonable doubt.

### 3. Time Limit on Presentation of Evidence

■ A trial court's limit on or exclusion of evidence under Federal Rule of Evidence 403 is reviewed for abuse of discretion. *United States v. Hankey*, 203 F.3d 1160, 1166 (9th Cir.2000). Because Bentson represented himself at trial, the trial judge found it more efficient to allow Bentson to present his testimony in narrative form, rather than to ask himself questions and provide answers. Bentson claims that he was denied his constitutional right to completely present his defense because the trial court limited the time for his narrative testimony. However, the trial court was entitled to limit Bentson's testimony when his arguments became repetitive, irrelevant, and excessively confusing. *See United States v. Scott*, 789 F.2d 795, 799 (9th Cir.1986); Fed.R.Evid. 403. The judge repeatedly warned Bentson of maintaining relevancy and of the time limit. Nothing suggests there was any "evidence that [Bentson] was prevented from presenting or how the time limit weakened his case." *See United States v. Hay*, 122 F.3d 1233, 1237 (9th Cir.1997). Therefore, we conclude that no error occurred and that Bentson's constitutional rights were not violated.

### 4. Failure to Provide Jury Instruction

■ We review jury instructions for plain error when the party failed to object to the instruction at trial. *United States v. McIver*, 186 F.3d 1119, 1130 (9th Cir.1999). Bentson argues that the district court erred in not giving Ninth Circuit Model Instruction 3.17 for "Intent to Defraud," which states: "An intent to defraud is an intent to deceive or cheat." Model Crim. Jury Instr. 9th Cir. 3.17 (2003). Bentson contends that this instruction would have ensured that the jury understood the "deceit and dishonesty" element of 18 U.S.C. § 371. However, the judge did instruct the jury on the elements of § 371, stating that the jury must find that "there was an agreement ... to defraud the United States ... *by deceitful and dishonest means....* " As such, the jury was clearly informed of the necessary element of deceitful and dishonest means, and we therefore find no error.

### 5. Erroneous Jury Instruction

■ Assuming Bentson properly objected to his jury instruction at trial, the error at issue does not require reversal. An erroneous jury instruction is subject to harmless error analysis, and "[t]he error is harmless 'if no rational jury could have made [its] findings without also finding the omitted or presumed fact to be true.' " *United States v. Baldwin*, 987 F.2d 1432, 1438 (9th Cir.1993) (second alteration in original) (quoting *Martinez v. Borg*, 937 F.2d 422, 425 (9th Cir.1991)). Bentson argues that the district court erred in reading the instruction for both § 371 "offense clause" conspiracies and "defraud clause" conspiracies. As a result, Bentson contends the jury may have misunderstood the elements of the defraud clause charge. However, the jury was not misled, as its special verdict on the amount of the tax loss reflected a necessarily correct under-

standing of the defraud clause conspiracy elements. Therefore, we find the error, if any, harmless.

### 6. Erroneous Admission of Evidence

Evidentiary decisions of the trial court are reviewed for abuse of discretion. *United States v. Alvarez,* 358 F.3d 1194, 1205 (9th Cir.2004). Bentson argues the admission of a 1997 check, listed in the indictment as the sole evidence of an overt act in furtherance of the conspiracy during the statute of limitations period, was erroneous for insufficient foundation. Though there was no direct evidence that this check represented concealed income, there was substantial circumstantial evidence suggesting this. As such, we find no error in the admission of the check.

### 7. Variance

Even if it was an error to admit the check, its admission did not alter the trial outcome. The indictment did not purport to be exhaustive, and, at trial, the government produced more overt acts within the limitations period. This court has held that a defendant may be convicted for conspiracy upon proof of an overt act not alleged in the indictment, so long as there is no undue prejudice. *Brulay v. United States,* 383 F.2d 345, 350–51 (9th Cir.1967). Bentson claims undue prejudice by use of evidence not in the indictment because it created a variance.

Variance claims not raised at trial are reviewed for plain error. *United States v. Gil,* 58 F.3d 1414, 1423 (9th Cir.1995). " 'A *variance* occurs when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment.' " *Id.* at 1422 (quoting *United States v. Von Stoll,* 726 F.2d 584, 586 (9th Cir.1984) (internal quotation omitted)). A variance will not require a reversal unless it affected the defendant's substantial rights at trial. *Brulay,* 383 F.2d at 350–51. Bentson insists that, without the erroneously admitted 1997 check, the government's case depended upon evidence not in the indictment. Bentson claims he was unduly prejudiced by not being put on notice that he must defend himself against this evidence. However, the three other overt acts put into evidence at trial that fell within the statutory period for the conspiracy charge were either explicitly mentioned or described throughout the indictment, and Bentson did not object or claim surprise when the evidence was introduced. It is thus "impossible to believe that the defendant and his lawyers did not know that the government would prove the overt act found." *Id.* at 351. We therefore reject Bentson's claim of a prejudicial variance.

Because we find no merit to any of Bentson's arguments, we deny Bentson's appeal and affirm the decision of the district court.

**AFFIRMED.**