MEMORANDUM *
Shixu Huang, Lihua Yi, Pingping Zhang, and Zhanshan Zhang appeal their convictions for conspiracy to defraud the United States in violation of 18 U.S.C. § 371.
The indictment against appellants was sufficient because when “read in its entirety” it “contain[ed] the elements of the charged crime in adequate detail to inform the defendants] of the charge and to enable [them] to plead double jeopardy.” United States v. Awad, 551 F.3d 930, 935 (9th Cir.2009) (internal quotation marks omitted); see also United States v. Caldwell, 989 F.2d 1056 (9th Cir.1993).
The government was not required to prove “separate and distinct” conduct from conduct that would support a conviction for conspiracy to commit a substantive offense because the crime of conspiracy is complete when an individual enters into an agreement to obstruct a lawful function of the government by deceitful or dishonest means and makes at least one overt act in the furtherance of the conspiracy. Caldwell, 989 F.2d at 1059. The “defraud” clause of section 371 “criminalizes any willful impairment of a legitimate function of government, whether or not the improper acts or objective are criminal under another statute.” United States v. Tuohey, 867 F.2d 534, 537 (9th Cir.1989). Therefore, proof of “separate and distinct” *593 conduct is not required because “[t]he overt act need not be criminal itself.” Id.; see also Caldwell, 989 F.2d at 1059 (“Neither the conspiracy’s goal nor the means used to achieve it need to be independently illegal.”); see generally United States v. Li, 643 F.3d 1183, 1184 (9th Cir.2011) (holding that an alien does not enter or attempt to enter the United States for purposes of section 1325(a)(1) when traveling by boat from the Commonwealth of the Northern Mariana Islands to Guam) (internal quotation marks omitted).
There was sufficient evidence of Lihua Yi and Pingping Zhang’s knowing participation in the conspiracy. United States v. Moreland, 622 F.3d 1147, 1168 (9th Cir.2010) (“There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” (internal quotation marks omitted)); United States v. Perry, 550 F.2d 524, 528-29 (9th Cir.1977). Relatedly, there was sufficient evidence of both deceit and an agreement to obstruct a lawful immigration function of the government to sustain the conspiracy convictions. Moreland, 622 F.3d at 1168; see also 8 U.S.C. § 1182(d)(7); 8 C.F.R. § 235.5.
The district court did not err in refusing to adopt Lihua Yi’s proposed specific unanimity instruction because there was not a sufficient possibility of juror confusion in this case. United States v. Kim, 196 F.3d 1079, 1082-83 (9th Cir.1999). Nor did the district court err in informing the jury of the duties of aliens traveling from the Commonwealth of the Northern Mariana Islands to Guam. The district court’s instruction was not an “incorrect statement of law” warranting reversal. United States v. Redlightning, 624 F.3d 1090, 1122 (9th Cir.2010). Similarly, the district court did not err in failing to inform the jury that the Commonwealth of the Northern Mariana Islands is part of the United States, as such an instruction was irrelevant to the appellants’ defense at trial. See 8 U.S.C. § 1182(d)(7); 8 C.F.R. § 235.5. And the district court did not abuse its discretion in failing to provide the jury with additional instructions on the “deceit” element of a section 371 violation. Redlightning, 624 F.3d at 1122.
Appellants’ remaining arguments are without merit.
AFFIRMED.'

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.