**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10351 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-01047-ROS-6 |
| v. | |
| IDAN C. GREENBERG, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Senior District Judge, Presiding

Argued and Submitted October 9, 2014
Phoenix, Arizona

Before: WALLACE, SILVERMAN, and M. SMITH, Circuit Judges.

Idan Greenberg challenges his conviction for conspiracy to defraud the

government under 18 U.S.C. § 371 based on an alleged *Brady* violation and the

sufficiency of evidence. He also challenges his non-conspiracy charges for

sufficiency of evidence and failure to give a jury instruction regarding the elements

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

of an offense. Because the parties are familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We affirm in part, vacate in part, and remand for resentencing.

## I.    *Brady* Violation

In order to establish a violation under *Brady*, "a defendant must show that: (1) the evidence at issue is favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence was suppressed by the government, regardless of whether the suppression was willful or inadvertent; and (3) the evidence is material to the guilt or innocence of the defendant." *United States v. Sedaghaty*, 728 F.3d 885, 899 (9th Cir. 2013) (citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). In order for the evidence to be material, there must be "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985).

Greenberg argues that the government suppressed information relating to the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) having inaccuracies in its database. However, whether the fraudulent forms were submitted to an accurate database is not material to Greenberg's guilt or innocence. Accordingly,

2

there is not a reasonable probability that this information would have affected the result of the proceeding, and Greenberg's *Brady* argument fails.

## II.    Conspiracy

The elements of a conspiracy under 18 U.S.C. § 371 are "(1) [defendant] entered into an agreement (2) to obstruct a lawful function of the government (3) by deceitful or dishonest means and (4) at least one overt act in furtherance of the conspiracy." *United States v. Caldwell*, 989 F.2d 1056, 1059 (9th Cir. 1993).

There is ample evidence that Greenberg and his co-conspirators agreed to submit, and did submit, fraudulent machine gun registration and transfer forms to the ATF, thereby obstructing the ATF's lawful government function of regulating the transfer of firearms.  Therefore, Greenberg was correctly found guilty of a conspiracy to defraud the government.

## III.    Non-Conspiracy Charges

Greenberg also challenges counts 74, 81, and 89, which are non-conspiracy counts that he did (1) knowingly possess and transfer a machine gun made after May 16, 1986; (2) knowingly receive and possess a machine gun that was not transferred in accordance with the law; and (3) knowingly receive and possess a machine gun made in violation of the law.

Greenberg does not challenge the fact that he possessed the machine gun at issue or that he aided and abetted in its transfer; he only challenges whether he "knowingly" did these things in violation of the law. However even assuming the government was required to prove knowledge of the law, there was sufficient evidence to conclude beyond a reasonable doubt that Greenberg knew that the machine gun he possessed was made after May 16, 1986, that Greenberg knew the machine gun was not transferred in accordance with the law, and that Greenberg knew the machine gun was made in violation of the law. Thus, a reasonable trier of fact could have found the essential elements of the non-conspiracy charges beyond a reasonable doubt.

## IV. Jury Instructions

Finally, Greenberg argues that the district court omitted an essential part of the jury instructions for count 74, a violation of 18 U.S.C. § 922(o), unlawful transfer or possession of a machine gun. Greenberg contends that the instructions should have indicated that the statute does not apply if the possession was lawful. We have already held that this instruction for lawful possession is an affirmative defense. *United States v. Gravenmeir*, 121 F.3d 526, 528-29 (9th Cir. 1997) (lawful possession establishes an affirmative defense to the defined offense). Because the affirmative defense was not raised at trial, it was waived by

Greenberg, and we need not consider whether the instruction should have been included in the jury instructions. *See United States v. Lo*, 231 F.3d 471, 480-81 (9th Cir. 2000).

## V.     Sentencing Guideline Enhancement

The government concedes that Greenberg's sentencing range was increased by four levels for trafficking in firearms under U.S.S.G. § 2K2.1(b)(5) without the proper supporting facts required for such an enhancement. Therefore, we vacate and remand to the district court for resentencing.

**AFFIRMED** in part, **VACATED** in part, and **REMANDED** for resentencing.