NOT FOR PUBLICATION

FILED

NOV 07 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10540 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00503-JMS-1 |
| v. | |
| MAHEALANI VENTURA-OLIVER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief District Judge, Presiding

Argued and Submitted October 18, 2016
Honolulu, Hawaii

Before: WALLACE, FARRIS, and WATFORD, Circuit Judges.

Mahealani Ventura-Oliver appeals from her jury conviction of one count of

conspiracy to create and utter fictitious obligations and to commit mail fraud in

violation of 18 U.S.C. §§ 514, 1341, and 371, fifteen counts of substantive mail

fraud in violation of 18 U.S.C. § 1341, one count of engaging in monetary

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957, one count of conspiracy to file false claims in violation of 18 U.S.C. §§ 287 and 371, and one count of filing a false claim in violation of 18 U.S.C. § 287. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I.

Ventura-Oliver asserts that the district court erred by failing to give a "dual role" jury instruction regarding the testimony of Case Agent Steven Carter. As Ventura-Oliver did not object to the jury instructions at the time they were given, the failure to give a specific instruction is reviewed for plain error. *United States v. Conti*, 804 F.3d 977, 981 (9th Cir. 2015).

Ventura-Oliver's argument falls short for two reasons. First, Agent Carter did not give expert testimony. Rather, he merely provided a "summary to prove content" as allowed by Federal Rule of Evidence 1006. *See United States v. Aubrey*, 800 F.3d 1115, 1130 (9th Cir. 2015). Second, even if Agent Carter did give expert testimony, and thus the district court erred by failing to give a "dual role" instruction, Ventura-Oliver has not shown that this error affected her substantial rights and seriously affected the fairness, integrity, or public reputation of the judicial proceedings, as required for reversal under a plain error standard of review. *Conti*, 804 F.3d at 981.

## II.

Ventura-Oliver's second argument is that the district court erred by denying Ventura-Oliver's motion for a mistrial after a juror found an imprint of the word "guilty" on his recycled notebook. The "guilty" imprint constituted an ex parte contact, as it did not pertain to any fact in controversy or any law applicable to the case. *See United States v. Rosenthal*, 454 F.3d 943, 949 (9th Cir. 2006). Accordingly, the district court's denial of Ventura-Oliver's mistrial motion is reviewed for an abuse of discretion. *Id*.

To receive a new trial based on an ex parte contact, a defendant must demonstrate "actual prejudice." *United States v. Madrid,* 842 F.2d 1090, 1093 (9th Cir. 1988). Here, the district court determined that Ventura-Oliver had not suffered any actual prejudice from the jurors' exposure to the notebook. The district court explained to the three jurors who had seen the imprint that the notebooks were frequently recycled and that the imprint had come from a previous case. From its questioning of these jurors, the district court determined that there was no suggestion that it would affect the jurors' ability to be fair. On this record, the district court did not abuse its discretion in denying the motion for a mistrial.

Accordingly, the judgment is affirmed. Ventura-Oliver's request for judicial notice is denied.

**AFFIRMED.**