**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 4 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30167 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-00092-RRB-2 |
| v. | |
| PHOSAVAN KHAMNIVONG, AKA P.K., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted July 14, 2017
Seattle, Washington

Before: FARRIS, MURPHY,[**] and NGUYEN, Circuit Judges.

Defendant Phosavan Khamnivong appeals his convictions following a jury

trial for one count of conspiracy to distribute and possession with intent to

distribute controlled substances under 21 U.S.C. §§ 841, 846 (Count 1); two counts

of kidnapping under 18 U.S.C. § 1201(a)(1) (Counts 2 and 3); one count of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

possessing and brandishing a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A) (Count 4); and one count of possessing and brandishing a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c)(1)(A) (Count 5). We reverse Khamnivong's conviction on Count 5, affirm his convictions on all remaining counts, and remand for resentencing.

1.     The district court did not plainly err in failing to give a specific unanimity instruction for the single conspiracy charged in Count 1 of the indictment. *United States v. Lapier*, 796 F.3d 1090, 1096 (9th Cir. 2015) (reviewing failure to give a jury instruction for plain error where the defendant did not request such an instruction in the trial court). The district court described the charged conspiracy and listed the names of the co-conspirators to the jury. It then instructed the jury to return a not guilty verdict if the conspiracy charged in the indictment was not proven by the government, even if the jury found some other conspiracy existed, and that its verdict must be unanimous. Thus, evidence of other uncharged conspiracies presented during the trial did not give rise to "a genuine possibility that different jurors voted to convict on the basis of different conspiracies." *Id.* at 1093.

2.     Reviewing Khamnivong's motion for acquittal de novo, and viewing the evidence in the light most favorable to the government, *United States v. Somsamouth*, 352 F.3d 1271, 1274–75 (9th Cir. 2003), there was ample evidence

to support Khamnivong's convictions for kidnapping (Counts 2 and 3) and use of a firearm in furtherance of a drug trafficking crime (Count 4). Notably, Khamnivong does not argue that the evidence was insufficient to support a finding that he was directly responsible for the conduct charged in each of these counts. Although the jury was instructed on the *Pinkerton* theory of liability, *Pinkerton v. United States*, 328 U.S. 640, 646–47 (1946), there was overwhelming evidence that Khamnivong was directly involved in the kidnapping and that he brandished a firearm in the course of the kidnapping. Thus, it is likely that he was convicted as a principal, not as a co-conspirator. Even assuming that the jury relied on a *Pinkerton* theory of liability, the evidence was still more than sufficient to support Khamnivong's convictions. The jury heard evidence that the co-conspirators brutally beat, pistol whipped, and sexually assaulted the victims with a hot curling iron because of drug debts owed to Khamnivong. Any money recovered could have been used to fund the co-conspirators' ongoing drug trafficking after they had lost significant amounts of money from losing two drug shipments. The jury also heard evidence that a co-conspirator used the video of the brutal sexual assault as an enforcement tool, showing the video to others and warning them, "[t]his is what happens when people owe me money." Thus, there was sufficient evidence that the kidnappings and use of a firearm were in furtherance of the drug conspiracy. *See id.*

3

3.     As to Count 5, the district court plainly erred, and Khamnivong's substantial rights were affected, when the district court instructed the jury that kidnapping was a crime of violence as a matter of law. *See United States v. Conti*, 804 F.3d 977, 981 (9th Cir. 2015) (applying plain error standard of review where party did not object to jury instruction in the district court). In *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), the Supreme Court held that the residual clause, 18 U.S.C. § 924(c)(3)(B), which defines a crime of violence as an offense that "involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," was unconstitutionally vague. The government does not contest that kidnapping is not a crime of violence under the remaining force clause. *See Delgado-Hernandez v. Holder*, 697 F.3d 1125, 1130 (9th Cir. 2012) (per curiam) ("The federal kidnapping statute has no force requirement . . . ."). We thus reverse Khamnivong's conviction on Count 5, possessing and brandishing a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c)(1)(a).[1]

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR RESENTENCING.**

---

[1] Because we reverse his conviction on Count 5, we need not address Khamnivong's remaining arguments as to this count.

4