FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

GARY JOSEPH CONTI,
*Defendant-Appellant*.

No. 14-30232

D.C. No.
4:13-cr-00065-BMM-3

OPINION

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted
August 31, 2015—Seattle, Washington

Filed October 21, 2015

Before: Alfred T. Goodwin, Ronald M. Gould,
and Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Gould

## SUMMARY[*]

### Criminal Law

The panel affirmed the district court in a case in which the defendant was convicted of, *inter alia*, conspiracy to defraud the United States in violation of 18 U.S.C. § 371.

The defendant and his co-conspirators, through their affiliation with the federally funded Po'Ka Project, stole or helped steal millions of dollars in grant funding that otherwise could have gone to provide mental health and substance abuse treatment to Blackfeet Indian youth. The count at issue rested on § 371's "defraud" clause, which includes the element of "deceitful or dishonest means," but the district court instructed the jury only on § 371's "offense" clause, which sets forth an alternate means of commission of the offense and does not include the element of deceitful or dishonest means.

The panel observed that to the extent *United States v. Caldwell*, 989 F.2d 1056 (9th Cir. 1993), held that the failure to instruct the jury on an essential element of the crime is per se prejudicial, it is inconsistent with the subsequent Supreme Court decision in *Neder v. United States*, 527 U.S. 1 (1999), which does not permit a jury instruction error to be considered a structural error. The panel concluded that *Caldwell* is therefore overruled, and need not be followed to the extent it held otherwise.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel held that the district court's instructions, which did not include the element of "deceitful or dishonest" conduct, were erroneous, but that there was no plain error affecting the defendant's substantial rights under Fed. R. Crim. P. 52(b) because the government presented strong and convincing evidence of deceitful and dishonest means, and the defendant's evidence is not sufficient to support a contrary finding.

The panel resolved other issues in a jointly-filed memorandum disposition.

## COUNSEL

Larry Jent, Williams & Jent, LLP, Bozeman, Montana, for Defendant-Appellant.

Michael W. Cotter, United States Attorney, Carl E. Rostad (argued) and Bryan T. Dake, Assistant United States Attorneys, United States Attorney's Office, Great Falls, Montana, for Plaintiff-Appellee.

## OPINION

GOULD, Circuit Judge:

Gary Conti appeals his jury convictions and sentence for bankruptcy fraud (18 U.S.C. § 157), conspiracy to defraud the United States (18 U.S.C. § 371), scheme to commit wire fraud against the United States and the Blackfeet Indian Tribe (18 U.S.C. § 1343), and conspiracy to submit false claims (18 U.S.C. § 286). Conti and his co-conspirators, through

their affiliation with the federally funded Po'Ka Project, stole or helped steal millions of dollars in grant funding that otherwise could have gone to provide mental health and substance abuse treatment to Blackfeet youth.  Conti was tried twice and convicted on twenty-seven counts.

Conti's conviction on Count 1 rested on a charge for which the jury instructions did not match the indictment.  The sole question we consider here is whether an error in jury instructions here amounted to "plain error" under Fed. R. Crim. P. 52(b). For the reasons that follow, we affirm Conti's conviction on Count 1.[1]

One of Conti's twenty-seven convictions was for conspiracy to defraud the United States under the general conspiracy statute, 18 U.S.C. § 371.  This statute criminalizes conspiracy "either to commit any *offense* against the United States, or to *defraud* the United States."  18 U.S.C. § 371 (emphasis added).  This court has held that the separate clauses in the statute create two alternate means of commission of the offense.  *United States v. Smith*, 891 F.2d 703, 712 (9th Cir. 1989).  To convict on a charge under the "defraud" clause, the government must show that the defendant (1) entered into an agreement (2) to obstruct a lawful government function (3) by deceitful or dishonest means and (4) committed at least one overt act in furtherance of the conspiracy.  *United States v. Caldwell*, 989 F.2d 1056, 1059 (9th Cir. 1993); *see also Hammerschmidt v. United States*, 265 U.S. 182, 188 (1924).  This circuit's model jury instructions for the "defraud" clause of § 371 (No. 8.21) include the element of "deceitful or dishonest means,"

---

[1] We resolve all other issues and affirm the district court in a memorandum disposition filed jointly with this opinion.

whereas the instructions for the "offense" clause (No. 8.20) do not.

Here the "defraud" clause was the basis of the Count 1 indictment, but the district court instructed the jury only on the "offense" clause.  Jury instructions Nos. 4 and 5, which were used at trial, parallel Ninth Circuit model instruction 8.20 under the "offense" clause. They omit the "defraud" language from a reprinting of 18 U.S.C. § 371, and they do not include the essential element of "deceitful or dishonest" conduct.  Conti contends that these instructions allowed the jury to convict him on Count 1 without finding an essential element.

In *Caldwell*, the jury found a defendant bookkeeper guilty of conspiring to defraud the United States, but the district court did not instruct the jury on the essential element of "deceitful or dishonest means." *Caldwell*, 989 F.2d at 1060. Instead, the instructions allowed the jury to convict if it found a plan to "obstruct" or "impede" the IRS, even if the defendant did not do so dishonestly. *Id.*  The Ninth Circuit reversed the conviction, holding that failure to instruct the jury on an essential element of a crime is constitutional error because it permits a conviction without finding the defendant guilty of that element. *Id*.   And because the Sixth Amendment requires the jury to find all elements of the crime, the court in *Caldwell* concluded that the error in the instructions was not harmless. *Id.* at 1061.

To the extent *Caldwell* held that the failure to instruct the jury on an essential element of the crime is per se prejudicial, it is inconsistent with the subsequent Supreme Court decision in *Neder v. United States*, 527 U.S. 1, 8 (1999), which does not permit a jury instruction error to be considered a

structural error.    Therefore, *Caldwell* is overruled, and we need not follow it, to the extent it held otherwise. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003).**[2]**

We follow the Supreme Court's guidance in *Neder*. There, the Supreme Court held that a similar error in jury instructions, failure to submit the element of materiality to the jury in a fraud prosecution, does not amount to a "structural" error warranting automatic reversal, but instead is subject to harmless error analysis.**[3]**  An error is harmless if it appears "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Chapman v. California*, 386 U.S. 18, 24 (1967).  *Neder* rejected the defendant's argument that "a finding of harmless error may be made only upon a determination that the jury rested its verdict on evidence that its instructions allowed it to consider," and because the jury did not consider the omitted element of materiality, it could not be harmless.  527 U.S. at 17.  As *Neder* explained, "at bottom this is simply another form of the argument that a failure to instruct on any element of the crime is not subject to harmless-error analysis." *Id.* Rather, the reviewing court must "conduct a thorough examination" of the evidence in the record and ask whether "it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *Id*.

---

**[2]** Under this standard set in our en banc opinion in *Miller v. Gammie*, our panel is not bound by a prior precedent that is "clearly irreconcilable" with a subsequent Supreme Court opinion.

**[3]** Structural errors that warrant automatic reversal are rare, and include *Gideon v. Wainwright*, 372 U.S. 335 (1963) (complete denial of counsel); *Tumey v. Ohio*, 273 U.S. 510 (1927) (biased trial judge); and *Vasquez v. Hillery*, 474 U.S. 254 (1986) (racial discrimination in selection of grand jury).

"[W]here a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error, the erroneous instruction is properly found to be harmless." *Id.* By contrast, if "the defendant contested the omitted element and raised evidence sufficient to support a contrary finding—it should not find the error harmless." *Id.* at 19.

Because Conti did not object to the missing element in the jury instruction, we review his claim not just for harmless error, but for plain error. Fed. R. Crim. P. 52(b). A circuit court has discretion to correct a plain error that meets several requirements. First, there must be an "error," a deviation from a legal rule that is not waived. *United States v. Puckett*, 556 U.S. 129, 135 (2009); *see also United States v. Olano*, 507 U.S. 725, 732–33 (1993). Waiver, the intentional relinquishment of a known right, differs from forfeiture, which is the failure to timely assert a right. *Olano*, 507 U.S. at 733. Second, the error must be "plain," meaning "clear" or "obvious." *Id.* at 734. Third, the error must affect substantial rights, meaning it was prejudicial, or there was a "reasonable probability" that it "affected the outcome of the district court proceedings." *Id.*; *United States v. Marcus*, 560 U.S. 258, 262 (2010). Finally, an appellate court may exercise its discretion to correct a forfeited error only if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Olano*, 507 U.S. at 736; *see also Johnson v. United States*, 520 U.S. 461, 469–70 (1997).

We apply these standards to determine whether the conviction on Count 1 is a plain error. First, there is an error because although Conti did not object to the invalid jury instructions at trial, he has not intentionally relinquished or

abandoned his ability to challenge them on appeal. *See Olano*, 507 U.S. at 733–34. Second, the error was plain or obvious because the jury instructions clearly do not match the indictment.

We next address whether the error affected "substantial rights." We have held that an omission of an element from a jury instruction that is harmless, under the standard set forth in *Neder*, does not affect a defendant's substantial rights for purposes of plain error review. *United States v. Tuyet Thi-Bach Nguyen*, 565 F.3d 668, 677 (9th Cir. 2009). We must "conduct a thorough examination" of all the evidence in the record and ask whether the omitted element was supported by sufficient evidence. *Neder*, 527 U.S. at 17. Cases that have upheld convictions rendered on incomplete or erroneous jury instructions have relied on "strong and convincing evidence" that the prosecution has adequately proved the missing element of the crime. *United States v. Perez*, 116 F.3d 840, 848 (9th Cir. 1997); *see also United States v. Smith*, 282 F.3d 758 (9th Cir. 2002) (holding that the omission of an element from jury instructions was not plain error where the underlying fact supporting the element was "undisputed" based on the "uncontradicted testimony" of a government witness); *Tuyet Thi-Bach Nguyen*, 565 F.3d at 677 (holding the defendant's substantial rights were not affected because of "overwhelming evidence" of the missing element). We must also consider whether the defendant contested the omitted element "and raised evidence sufficient to support a contrary finding," *Neder*, 527 U.S. at 19, and finally whether "the jury verdict would have been the same absent the error." *Id*. at 17.

A review of the trial record of evidence regarding the omitted element (that Conti acted with "deceitful or dishonest

means" in participating in the scheme to steal millions of grant dollars from the United States) shows that the government presented substantial evidence on this element during the course of the trial. Among other evidence, the government introduced emails showing that other participants in the scheme considered Conti to be someone who would "come up with" in-kind services to meet grant requirements, and could help explain invoices for in-kind services that supposed contributors did not remember contributing. Other emails sent by Conti indicated that he fabricated invoices for in-kind audit documentation, including changing the dates of work done and "adding a few things" to give the documentation "some diversity." Further, emails showed that Conti suggested ways to retroactively meet the in-kind contribution requirements of a prior year and fabricated the documentation and dollar amounts of the services "contributed." In one email, Conti asked a supposed contributor of in-kind services to verify the contribution by signing an invoice Conti had prepared, or alternatively to "delete this message" if she was not comfortable with the idea. A witness testified that the invoice sent to the supposed contributor was for fraudulently inflated amounts. Finally, the government adduced testimony that Conti knew the invoices he helped prepare were "false and fraudulent."

On the other hand, the record shows that Conti contested the omitted element, arguing that the government's case rested on circumstantial evidence. Conti's counsel asserted at trial that "you can't accidentally commit fraud . . . you have to know what you're doing. You have to have intent to defraud. That's one of the elements. The government's own witness agreed that [Conti], in that respect, did not intend to defraud." Conti's counsel also claimed that Conti could not be part of a conspiracy to defraud if his misrepresentations

were intended to give money back to the community, and "he doesn't know the objective of doing it falsely."

In support of this defense, Conti elicited testimony that he had not been involved in creating the fabricated invoices. Conti also adduced testimony that he had actually performed the work reflected in his own invoices. Finally, one witness conceded on cross-examination that he did not know whether Conti was aware of certain fraudulent activities.

After carefully considering the extensive trial record, we conclude that on balance, the government presented "strong and convincing evidence" of deceitful and dishonest means, *Perez*, 116 F.3d at 848, and Conti's evidence is not "sufficient to support a contrary finding," *Neder*, 527 U.S. at 19. We hold that the prosecution adequately proved the missing element of the crime, *see Perez*, 116 F.3d at 848, and that there is not a "reasonable probability" that the error in jury instructions affected the outcome. *See Marcus*, 560 U.S. at 262. We conclude that there was no plain error affecting Conti's substantial rights.[4]

**AFFIRMED.**

---

[4] Because we conclude that the error did not affect Conti's substantial rights, we need not reach the final question whether it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Olano*, 507 U.S. at 736.