**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JAN 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10099 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00468-JAM-1 |
| v. | |
| JOSE PENA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted January 12, 2017[**]
San Francisco, California

Before: WALLACE and M. SMITH, Circuit Judges, and ERICKSON,[***] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Ralph R. Erickson, District Judge for the U.S. District Court for the District of North Dakota, sitting by designation.

Jose Pena appeals from the judgment following his jury conviction and sentence on one count of conspiracy to manufacture, distribute, or possess with intent to distribute at least 1,000 marijuana plants in violation of 21 U.S.C. §§ 846 and 841(a)(1), and one count of manufacturing at least 1,000 marijuana plants in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Pena first asserts that the district court erred by sustaining six of the government's hearsay objections during Pena's testimony. Pena argues that, to support his entrapment defense, he should have been permitted to testify to the content of conversations between him and a confidential informant. Pena, however, never made an offer of proof as to what this excluded testimony would have been. "In the absence of an offer of proof of what the testimony would have been . . . reversal will lie only where there is plain error." *United States v. Kupau*, 781 F.2d 740, 745 (9th Cir. 1986). Pena has not shown that the exclusion of his objected-to testimony affected his substantial rights or seriously affected the "fairness, integrity, or public reputation of judicial proceedings." *United States v. Conti*, 804 F.3d 977, 981 (9th Cir. 2015) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)). Accordingly, the district court did not commit plain error by sustaining the government's objections.

Next, Pena contends that there was insufficient evidence to support the jury's finding that the charged marijuana conspiracy involved at least 1,000 plants, which triggered a ten-year mandatory minimum sentence. The jury's finding must be upheld if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We review de novo a district court's denial of a motion for acquittal based on sufficiency of the evidence. *United States v. Wanland*, 830 F.3d 947, 952 (9th Cir. 2016).

Here, there was ample evidence to support the jury's finding. The government agents who conducted the raid on the grow site, who also had extensive experience investigating marijuana-related crimes, counted 1,019 plants at the site. The touchstone is "readily observable evidence of root formation," not the existence of leaves, as Pena urges. *See United States v. Robinson*, 35 F.3d 442, 446 (9th Cir. 1994) (quotation marks omitted). The agents testified to their involvement in the plant count, how they did it, what qualified as a plant, and specifically testified to the number that had "viable root balls." Pena's counsel cross-examined the agents on this point. Accordingly, the record contained

3

sufficient evidence for the jury to find that the conduct involved at least 1,000 plants.

Pena's third argument is that the district court erred by failing to instruct the jury on the definition of a "plant." As Pena did not object to the jury instructions at the time they were given, the failure to give a specific jury instruction is reviewed for plain error. *Conti*, 804 F.3d at 981. Pena has failed to show that any error in the jury instructions affected his substantial rights or seriously affected the "fairness, integrity, or public reputation of judicial proceedings." *Id*. (quoting *Olano*, 507 U.S. at 736). Thus, the district court's jury instructions were not plainly erroneous.

Pena's final argument is that the district court erred by applying a four-level aggravating role enhancement to Pena's sentencing calculation. Under United States Sentencing Guidelines § 3B1.1(a), four levels are added to an offender's offense level "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." We "review for clear error a district court's determination that a defendant was an 'organizer or leader' for purposes of enhancement under U.S.S.G. § 3B1.1." *United States v. Berry*, 258 F.3d 971, 977 (9th Cir. 2001).

Pena asserts that there were not five participants in the criminal activity. While Pena was convicted, and three co-defendants pleaded guilty, the last co-

defendant, Leonardo Contreras, was acquitted. A preponderance standard, however, rather than a reasonable doubt standard, applies to the district court's finding that Contreras participated in the criminal activity. A person "may still be a participant in criminal activity even though not criminally convicted." *United States v. Dota*, 33 F.3d 1179, 1189 (9th Cir. 1994). The district judge, who was present for all trial proceedings regarding Contreras, found by a preponderance of the evidence that he qualified as a participant despite his acquittal. In fact, there was testimony from the undercover agents that Contreras provided supplies to the grow site and participated in the criminal strategy. Accordingly, the findings that there were five participants and that Pena was the organizer or leader are not clearly erroneous.

**AFFIRMED.**