**NOT FOR PUBLICATION**

MAR 22 2018

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50121 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-03788-JM-1 |
| v. | |
| JUDITH ANN PAIXAO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50122 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-03788-JM-2 |
| v. | |
| KEVIN A. LOMBARD, | |
| Defendant-Appellant. | |

Appeals from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Argued and Submitted February 7, 2018
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: GRABER and HURWITZ, Circuit Judges, and KORMAN,[**] District Judge.

A jury convicted Defendants Judith Paixao and Kevin Lombard of a number of crimes relating to their misuse of funds belonging to the Wounded Marine Careers Foundation ("WMCF"). We affirm.[1]

1. The government offered sufficient evidence in support of each of Defendants' convictions under 18 U.S.C. § 666(a)(1)(A). When viewed in the light most favorable to the government, United States v. Overton, 573 F.3d 679, 685 (9th Cir. 2009), the evidence shows that Defendants unlawfully transferred WMCF funds to their personal accounts. Defendants' argument that the transfers might have represented valid reimbursements is unavailing because (1) the transfers were "rounded off," suggesting that they were not reimbursements, and (2) the government "need not exclude every reasonable hypothesis consistent with innocence," United States v. Miller, 688 F.2d 652, 663 (9th Cir. 1982).

2. Reviewing for plain error, United States v. Conti, 804 F.3d 977, 981 (9th Cir. 2015), we hold that the district court did not err by failing to instruct the jury

---

[**] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

[1] In a concurrently filed opinion, we affirm with respect to a separate issue.

2

on the bona fide salary exception in 18 U.S.C. § 666(c) because Defendants were not authorized to receive salaries when they withdrew funds from WMCF.

3. The district court did not err by sentencing Defendants on multiple counts of violating 18 U.S.C. § 666(a)(1)(A). Like the federal mail fraud statute, § 666(a)(1)(A) permits a separate count for each illicit transfer. See United States v. Vaughn, 797 F.2d 1485, 1493 (9th Cir. 1986) (holding that each mailing in violation of the federal mail fraud statute constitutes a separate violation of the statute).[2]

4. Reviewing for plain error, United States v. Gadson, 763 F.3d 1189, 1215 (9th Cir. 2014), we hold that the district court did not err in instructing the jury on Pinkerton liability. We have upheld similarly flawed instructions on Pinkerton liability. United States v. Moran, 493 F.3d 1002, 1009–10 (9th Cir. 2007) (per curiam).

5. We decline to consider Defendants' ineffective assistance of counsel claim. "As a general rule, we do not review challenges to the effectiveness of defense counsel on direct appeal." United States v. Liu, 731 F.3d 982, 995 (9th Cir. 2013). No exception applies here. Id.

---

[2] Defendants make several additional arguments that depend on the success of their arguments about 18 U.S.C. § 666. Because Defendants' convictions under § 666 withstand review, those claims necessarily fail.

5. The government offered sufficient evidence in support of Paixao's conviction under the federal mail fraud statute, 18 U.S.C. § 1341. Viewing the evidence in the light most favorable to the government, United States v. Flyer, 633 F.3d 911, 917 (9th Cir. 2011), the evidence shows that Paixao repeatedly misled WMCF's donors before she received the Bob Woodruff Foundation's contribution through the mail. The evidence thus supports an inference that Paixao had already devised a scheme to defraud WMCF's donors at that time.

6. We reject Paixao's "cumulative errors" argument because there appear to have been, at most, only a few minor errors in Paixao's trial. Parle v. Runnels, 505 F.3d 922, 927 (9th Cir. 2007).

**AFFIRMED.**