**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30123 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-00129-BLW-1 |
| v. | |
| DEMETRIUS ANTHONY GOMEZ, | **MEMORANDUM**[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Argued and Submitted December 7, 2018
Seattle, Washington

Before: W. FLETCHER and BYBEE, Circuit Judges, and BURNS,[**] District
Judge.

Defendant-Appellant Demetrius Gomez appeals from a jury conviction for

second-degree murder in violation of 18 U.S.C. §§ 1111 and 1153. On appeal,

Gomez contests the district court's second-degree murder jury instructions, the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Larry A. Burns, United States District Judge for the
Southern District of California, sitting by designation.

prosecutor's use of Gomez's nickname during trial, and the prosecutor's incorrect statements during closing argument regarding the location of the victim Tyrone Diaz's wound. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Where, as here, a party did not object to jury instructions or alleged prosecutorial misconduct at the time of trial, we review the jury instructions and alleged prosecutorial misconduct for plain error. Fed. R. Crim. P. 52(b); *United States v. Conti*, 804 F.3d 977, 981 (9th Cir. 2015) (jury instructions reviewed for plain error); *United States v. Washington*, 462 F.3d 1124, 1136 (9th Cir. 2006) (prosecutorial misconduct reviewed for plain error); *United States v. Atcheson*, 94 F.3d 1237, 1244 (9th Cir. 1996) (denial of motion for new trial due to prosecutorial misconduct not raised during trial reviewed for plain error). Under the plain error standard of review, relief is warranted if (1) there has been an error; (2) the error is "plain"; (3) the error affects substantial rights, "meaning it was prejudicial"; and (4) the error "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Conti*, 804 F.3d at 981 (quoting *United States v. Olano*, 507 U.S. 725, 734–36 (1993)).

Here, the district court did not plainly err when it failed to sua sponte instruct the jury that a second-degree murder conviction requires the government to disprove heat of passion or sudden quarrel beyond a reasonable doubt when no

2

evidence of either had been introduced at trial. Further, the district court did not plainly err when it failed to prevent the prosecutor from repeatedly and almost exclusively referring to Gomez by his nickname "Bash." Although the government's practice of referring to Gomez as "Bash" was arguably inappropriate, we conclude, based on the weight of the evidence, that it did not prejudice Gomez. Finally, the district court did not plainly err when it declined to order a new trial based on the prosecutor's arguably inaccurate statements regarding the location of Diaz's wound because those statements were not prejudicial.

**AFFIRMED.**