**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50195 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00245-GW-1 |
| v. | |
| CESAR RAUL ACEVES, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted March 2, 2020
Pasadena, California

Before: KLEINFELD and CALLAHAN, Circuit Judges, and CHRISTENSEN,**
District Judge.

Cesar Raul Aceves's collateral attack on his deportation order must fail,

according to the text of 8 U.S.C. § 1326(d). Subsections (1) and (2) are not

satisfied, because he did not exhaust available proceedings to seek relief, nor was

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Dana L. Christensen, United States District Judge for
the District of Montana, sitting by designation.

he deprived of judicial review. Nor was there any fundamental unfairness regarding the entry of the order, as subsection (3) requires. Aceves was deportable, was represented by counsel, had conceded removability, had no plausible avenue for relief, and has shown no prejudice. Although he argues that the record does not sufficiently establish that he understood the proceedings, he has come forward with no cognizable evidence that would cast doubt on his understanding.

Aceves argues that the jury instructions omitted an element of the crime, because they did not require the government to prove that he knew he had been deported. He concedes, as he must, that under established Ninth Circuit law, there was no such element, and it sufficed for the government to prove that he voluntarily entered the United States having been deported and without permission, and knowingly remained. *United States v. Flores-Villar*, 536 F.3d 990, 999 (9th Cir. 2008), *aff'd*, 564 U.S. 210 (2011), *and abrogated on other grounds by Sessions v. Morales-Santana*, 137 S. Ct. 1678 (2017); *United States v. Rivera-Sillas*, 417 F.3d 1014, 1020 (9th Cir. 2005); *United States v. Leon-Leon*, 35 F.3d 1428, 1432–33 (9th Cir. 1994). Aceves presents a substantial argument that these cases are inconsistent with recent subsequent Supreme Court authority, and are

therefore no longer good law, citing *Elonis v. United States*, 575 U.S. ____, 135 S. Ct. 2001 (2015) and *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

We remain bound, however, by controlling Ninth Circuit precedent, under *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc), because *Elonis* and *Rehaif* addressed different statutes from the one charged in this case, and knowledge that he had been deported was not the only factor that would make Aceves's conduct criminal. Entering the United States without complying with immigration procedures was not "otherwise innocent conduct," *Elonis*, 135 S. Ct. at 2010 (quoting *Carter v. United States*, 530 U.S. 255, 269 (2000)), whether or not Aceves understood that he had been deported.

And even if the district court were deemed to have erred by omitting the instruction Aceves sought, the error would be harmless on the record in this case. It appears beyond a reasonable doubt that the claimed error did not contribute to the verdict. *United States v. Conti*, 804 F.3d 977, 980 (9th Cir. 2015). Though his attorney argued that Aceves might not have understood that he was being deported, no declaration or other cognizable evidence was submitted to establish that Aceves lacked the requisite knowledge. The events upon his release from prison provide

overwhelming evidence that he knew he was being deported. He was ordered deported in a judicial proceeding, given papers saying that he was being deported, and sent to Mexico on a bus with other deportees. There is no evidence in the record to support Aceves's argument that he may not have understood, or that his attorney did not explain, what was occurring, or that he might have thought that the presence of some aliens on the bus who had been granted voluntary departure would have left him ignorant of whether he was being deported.

Aceves also argues that we must remand for correction of three conditions of supervised release violative of *United States v. Evans*, 883 F.3d 1154, 1162–64 (9th Cir. 2018). He is correct, as the government necessarily concedes. What used to be standard conditions five, six, and fourteen were in *Evans* held to be unconstitutional, so we remand for the district court to modify or delete them as it deems appropriate.

**AFFIRMED in part, VACATED and REMANDED in part.**