**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 7 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10211 |
| Plaintiff-Appellee, | D.C. Nos. 3:18-cr-00203-EMC-1 3:18-cr-00203-EMC |
| v. | |
| CHRISTOPHER D. LISCHEWSKI, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted June 16, 2021
San Francisco, California

Before: THOMAS, Chief Judge, and BRESS and BUMATAY, Circuit Judges.

After a five-week trial, a jury convicted Christopher Lischewski of conspiring to fix prices in the canned tuna market, in violation of 15 U.S.C. § 1. Lischewski appeals, challenging various jury instructions and the district court's decisions to admit two emails. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1.      We review a district court's "formulation of jury instructions for abuse of discretion." *United States v. Liew*, 856 F.3d 585, 595 (9th Cir. 2017). We review "de novo whether those instructions correctly state the elements of the offense and adequately cover the defendant's theory of the case." *Id.* at 596. If an instruction is erroneous, we generally "apply harmless error analysis to determine whether an improper instruction constitutes reversible error." *United States v. Munguia*, 704 F.3d 596, 598 (9th Cir. 2012). If a defendant fails to object with sufficient specificity to a jury instruction, we review for plain error. *See United States v. Conti*, 804 F.3d 977, 981 (9th Cir. 2015).

a.      Lischewski first challenges the constitutionality of the "per se" rule in Sherman Act criminal cases. But Lischewski acknowledges we are bound by precedent upholding the per se rule and raises this issue only to preserve it for further review. *See, e.g.*, *Arizona v. Maricopa Cnty. Med. Soc'y*, 457 U.S. 332, 344 (1982) (holding that there is "a conclusive presumption that the restraint is unreasonable" when parties engage in horizontal price-fixing); *United States v. Brown*, 936 F.2d 1042, 1045–46 (9th Cir. 1991) (holding that the government need not show "an intent to produce anticompetitive effects").

b.      Lischewski next challenges the jury instructions on conspiracy and conspiracy to fix prices because they stated that "the government had to prove an agreement 'or mutual understanding.'" Lischewski argues that a "mutual

2

understanding" falls short of an "agreement" because a "mutual understanding" could have just been a "commonly held view." Plain error review applies because Lischewski failed to object to the language at issue, and his proposed instructions did not "bring into focus the precise nature of the alleged error." *Hunter v. Sacramento*, 652 F.3d 1225, 1231 (9th Cir. 2011) (quotations omitted). Regardless, Lischewski's challenge would fail under any standard of review.

We must "determine whether the instructions, viewed as a whole, were misleading or inadequate to guide the jury's deliberation." *United States v. Kaplan*, 836 F.3d 1199, 1215 (9th Cir. 2016) (quotations omitted). Lischewski's argument lacks merit because he improperly reads the phrase "mutual understanding" in isolation. Contrary to Lischewski's argument, various portions of the instructions made clear that "agreement" and "mutual understanding" were used synonymously. In addition, the instructions clearly required jurors to find that Lischewski entered into an unlawful agreement to fix prices, while providing that a "mere similarity of conduct among various persons" or "common aims and interests" was not sufficient.

c. The district court also did not err in instructing the jury on when a corporate officer is individually liable for conspiring to violate the Sherman Act. Plain error review applies because Lischewski failed to preserve with sufficient specificity the objection he now raises here. *See Hunter*, 652 F.3d at 1230. Regardless, the result would be the same even if de novo review applied.

3

The jury was instructed that it could find Lischewski "knowingly participate[d] in effecting the illegal conspiracy by directly participating in the conspiracy and/or indirectly or directly authorizing, ordering, or helping a subordinate perpetrate the crime." Officers are "liable for the illegal actions of subordinates if they knowingly authorized or consented to such behavior." *Brown*, 936 F.2d at 1047. And an officer who "authorizes, orders, or helps perpetrate" a conspiracy "knowingly participates" in that conspiracy. *Id.* at 1047–48 (quoting *United States v. Wise*, 370 U.S. 405, 416 (1962)). The instructions here accurately described when Lischewski could be liable for conspiracy to violate the Sherman Act, while making clear that "mere knowledge of a conspiracy without participation" was "insufficient." "[V]iewed as a whole," the "individual liability" instruction was not improper or misleading. *Kaplan*, 836 F.3d at 1215.

d.     The district court did not err in giving a "*Pinkerton* instruction." Lischewski challenges the instruction as "superfluous and confusing" because he was only charged with one count of conspiracy under the Sherman Act, not with a substantive crime committed by a co-conspirator. But the instruction correctly stated the law, and Lischewski fails to explain how the instruction could cause material confusion or prejudice him. Instead, he concedes that under the instruction, he was only "responsible for the acts of his alleged co-conspirators if the jury found that he had joined the conspiracy" and had "already found Lischewski guilty."

4

e.　　　The district court did not abuse its discretion in instructing the jury on the per se rule or prohibiting Lischewski from offering evidence about the supposed reasonableness of his price-fixing conspiracy. *See Hunter*, 652 F.3d at 1230; *United States v. Gadson*, 763 F.3d 1189, 1215 (9th Cir. 2014). As noted, Lischewski admits that the district court was bound to follow the per se rule. Lischewski nonetheless maintains that the jury instruction on the per se rule was excessive, especially when combined with the district court preventing Lischewski from arguing that the pricing agreement was reasonable and caused no harm. But the instructions and the government's statements correctly reflected the substantive law, and Lischewski has not explained why reversal would be warranted.

f.　　　Even if Lischewski's arguments on the jury instructions had merit (and he had properly preserved all of his arguments below), "it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *Munguia*, 704 F.3d at 604 (quotations omitted). The evidence that Lischewski participated in a scheme to fix prices in the canned tuna market was overwhelming. In addition to documentary evidence, several of Lischewski's co-conspirators testified at the trial that the conspiracy existed, that Lischewski knew about the conspiracy, and that he was a member of it. This included testimony that Lischewski was substantially involved in orchestrating, implementing, and enforcing the price-fixing agreements.

2.      We turn next to Lischewski's claims that the district court erred in admitting two emails. We review the district court's "decision to admit evidence . . . for an abuse of discretion." *United States v. Alvirez*, 831 F.3d 1115, 1120 (9th Cir. 2016). For preserved claims, evidentiary errors do not warrant reversal if "it is more probable than not that the error did not materially affect the verdict." *United States v. Torres*, 794 F.3d 1053, 1063 (9th Cir. 2015).

a.      The district court did not abuse its discretion in admitting Renato Curto's email as a business record under Federal Rule of Evidence 803(6). The district court reasonably concluded that Curto wrote the email "at or near the time" of the conversation with Lischewski because Curto prepared the email the following day. *See, e.g.*, *United States v. Huber*, 772 F.2d 585, 591 (9th Cir. 1985). The record also supported the district court's conclusion that the Curto email was kept in the course of a regularly conducted activity of a business and was prepared as part of the business's regular practice. Fed. R. Evid. 803(6)(B)–(C); *see also City of Long Beach v. Standard Oil Co.*, 46 F.3d 929, 937 (9th Cir. 1995).

Nor did the district court exceed its "wide discretion" in determining that the Curto email met Rule 803(6)'s "trustworthiness standard." *United States v. Scholl*, 166 F.3d 964, 978 (9th Cir. 1999). Curto acknowledged that he was writing only what he remembered of the conversation. The jury heard Curto's testimony and

could properly weigh it. *See id.* (explaining that "inaccuracies, ambiguities, or omissions go to the weight and not the admissibility of the evidence").

      b.     The district court did not abuse its discretion in admitting an email between StarKist executives that discussed a conversation one of them had with Lischewski. *See Alvirez*, 831 F.3d at 1120. The email was admissible to show the state of the mind of the persons on the email. Fed. R. Evid. 801(c)(2); *see also Gadson*, 763 F.3d at 1211–12.

The district court also repeatedly instructed the jury that the email was admitted for that purpose and not for the truth of the matter asserted. While Lischewski claims these instructions were insufficient to alleviate claimed prejudice, we have "repeatedly held that a district court's careful and frequent limiting instructions to the jury, explaining how and against whom certain evidence may be considered, can reduce or eliminate any possibility of prejudice arising from" the admission of evidence. *See United States v. Fernandez*, 388 F.3d 1199, 1243 (9th Cir. 2004), *modified*, 425 F.3d 1248 (9th Cir. 2005). That is the case here.

      c.     Even if the two emails were improperly admitted or the limiting instructions on the second email insufficient, any error was harmless given the overwhelming evidence that Lischewski participated in a price-fixing conspiracy. *Torres*, 794 F.3d at 1063.

3.    Finally, Lischewski's cumulative error theory lacks merit because he fails to show that the district court committed any errors, let alone multiple ones. *See United States v. Begay*, 673 F.3d 1038, 1047 (9th Cir. 2011) ("We have not recognized any error below, so there is no cumulative prejudicial effect to analyze.").

**AFFIRMED.**