**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 13 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-50012 |
| Plaintiff-Appellee, | D.C. No. 8:18-cr-00018-AG-1 |
| v. | |
| SHIRENE HERNANDEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted July 7, 2021
Pasadena, California

Before:  D.M. FISHER,** WATFORD, and BUMATAY, Circuit Judges.

Shirene Hernandez, a former employee of the Federal National Mortgage

Association ("Fannie Mae"), was indicted on two counts of honest-services wire

fraud in violation of 18 U.S.C. §§ 1343 and 1346, for using her position to sell real

estate listings to select brokers at below-market values in exchange for bribes and

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable D. Michael Fisher, United States Circuit Judge for the
U.S. Court of Appeals for the Third Circuit, sitting by designation.

kickbacks. The jury convicted Hernandez on both counts, after which the district court sentenced her to 76 months' imprisonment. Hernandez challenges as erroneous the jury instructions and the district court's decision to sentence her as a "public official" under the Sentencing Guidelines. We affirm on both grounds.

1. Hernandez claims the district court erred in failing to instruct the jury that self-dealing and undisclosed conflicts of interest do not constitute honest-services fraud under 18 U.S.C. § 1346. *See Skilling v. United States*, 561 U.S. 358, 412 (2010). We review for plain error and conclude the instructions were not erroneous. *United States v. Campbell*, 42 F.3d 1199, 1204 (9th Cir. 1994).

The district court used the Ninth Circuit's model instruction, which was developed after *Skilling* and reflects its narrowing of § 1346. *See* Ninth Circuit Model Criminal Jury Instructions 8.123 (2010). The instructions stated that "the government must prove . . . beyond a reasonable doubt" that "the defendant devised or knowingly participated in a scheme or plan to deprive Fannie Mae of its right of honest services[,]" and that "the scheme or plan consists of a bribe or kickback in exchange for the defendant's services." This instruction maps on to *Skilling*'s holding: that a defendant could only be convicted of an honest-services fraud for conduct involving "bribes and kickbacks," not for a "conflicting financial interest" or "undisclosed self-dealing." 561 U.S. at 409–10. The district court therefore did

2

not abuse its discretion by not adopting Hernandez's proposed supplemental instructions. *See United States v. Thornhill*, 940 F.3d 1114, 1123 (9th Cir. 2019).

2. Hernandez next challenges two specific elements of the instructions. First, she argues that the district court misstated the mens rea requirement by instructing that "[a]n intent to defraud is an intent to deceive *or* cheat." We review de novo, *United States v. Liew*, 856 F.3d 585, 596 (9th Cir. 2017), and conclude the instructions did not misstate an element of the honest-services fraud statute.

In *United States v. Miller*, we held that "the jury charge misstated the law by instructing that wire fraud under 18 U.S.C. § 1343 requires the intent to 'deceive *or* cheat' rather than an intent to 'deceive *and* cheat.'" 953 F.3d 1095, 1098 (9th Cir. 2020). But *Miller* is distinguishable. There, the jury instruction would have permitted the jury to convict the defendant for engaging in a scheme only to deceive and not also to deprive the victim of a right to honest services. *Id.* at 1101. By contrast, here the jury instructions made clear that Hernandez's "scheme or plan" must "consist[] of a bribe or kickback[.]" And the "deprivation" element (i.e., the "cheat" element) was covered by the separate instruction that "the defendant acted with the intent to defraud *by depriving Fannie Mae of its right of honest services*." Taken together, these instructions couldn't have been understood by the jury to encompass mere intent to deceive.

Second, Hernandez argues that the district court's failure to instruct on self-dealing was exacerbated by its failure to define the terms "bribery" and "kickbacks" for the jury. *See United States v. Garrido*, 713 F.3d 985, 997 (9th Cir. 2013) ("Section 1346 honest services convictions on a bribery theory . . . require at least an implied quid pro quo." (simplified)). While the jury instructions did not use the term quid pro quo, there was no error, let alone plain error. *See United States v. Conti*, 804 F.3d 977, 981 (9th Cir. 2015). Unlike in *Garrido*, 713 F.3d at 997–98, the jury instructions here explained that the jury could only convict if "the scheme or plan consists of a bribe or kickback *in exchange* for the defendant's services." The instructions' description of the "exchange" is the essence of quid pro quo bribery. *See id.* at 996–97 ("A *quid pro quo* in bribery is the specific intent to give or receive something of value in exchange for an official act.").

3. Hernandez's cumulative error theory fails because she failed to show that the district court committed any error, let alone multiple errors. *See United States v. Begay*, 673 F.3d 1038, 1047 (9th Cir. 2011).

4. Finally, Hernandez was properly sentenced as a "public official" under the Sentencing Guidelines. This court reviews the district court's identification of "the correct legal standard" de novo, and the "district court's application of the Sentencing Guidelines to the facts of [the] case" for an abuse of discretion. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). When "more

4

than one guideline section is referenced for [a] particular statute," the district court should select the guidelines "most appropriate for the offense conduct charged in the count of which the defendant was convicted." U.S.S.G. App. A, Introduction.

Hernandez argues that the district court erred by sentencing her as a "public official" under U.S.S.G. § 2C1.1, and not under U.S.S.G. § 2B1.1, because Fannie Mae is a "private corporation." Section 2C1.1 applies to fraud cases when the "defendant was a public official." U.S.S.G. § 2C1.1. The commentaries to this section explain that the term public official "shall be construed broadly and includes . . . an individual who . . . is in a position of public trust with official responsibility for carrying out a government program or policy." *Id.* § 2C1.1, comment. (n.1). Fannie Mae was privatized in 1968, but it was placed under government conservatorship in 2008 during the housing crises. 12 U.S.C. §§ 1716, 4617.

Hernandez falls within the Guidelines' "broadly construed" definition of a "public official." Hernandez's fraud undermined Fannie Mae's "public mission" to "facilitate the financing of affordable housing . . . while maintaining a strong financial condition[.]" *Id.* § 4501(7). Hernandez was "in a position of public trust" in her capacity at Fannie Mae, and she had "official responsibility for carrying out a government program or policy" as laid out in § 4501(7). *See* U.S.S.G. § 2C1.1. Thus, the district court's sentencing enhancement under § 2C1.1 appropriately

5

stemmed from "offense conduct charged" in the indictment.  U.S.S.G. § 1B1.2, comment (n.1).

**AFFIRMED.**