**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> ROBERT COLLAZO, AKA Weasel, <br><br> Defendant-Appellant. | Nos. 15-50509 <br><br> D.C. No. 3:13-cr-04514-BEN-7 <br><br> MEMORANDUM* |
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> LINO DELGADO-VIDACA, AKA Leonard Delgado, AKA Spanky, <br><br> Defendant-Appellant. | No. 16-50048 <br><br> D.C. No. 3:13-cr-04514-BEN-1 |
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, | No. 16-50117 <br><br> D.C. No. 3:13-cr-04514-BEN-4 |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

JULIO RODRIGUEZ, AKA Sniper,

       Defendant-Appellant.

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

v.

STEVEN AMADOR, AKA Gordo, AKA Insane,

       Defendant-Appellant.

No.   16-50195

D.C. No.
3:13-cr-04514-BEN-2

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

v.

ISSAC BALLESTEROS, AKA Lazy,

       Defendant-Appellant.

No.   16-50345

D.C. No.
3:13-cr-04514-BEN-3

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted February 6, 2019
Pasadena, California

Before: WARDLAW and BEA, Circuit Judges, and MURPHY,[**] District Judge.

This case returns to us on remand from the en banc decision of *United States v. Collazo*, 984 F.3d 1308 (9th Cir. 2021) (en banc). Robert Collazo, Lino Delgado-Vidaca, Julio Rodriguez, Steven Amador, and Isaac Ballesteros were convicted and sentenced after a two-week joint jury trial for conspiracy to conduct racketeering activity, 18 U.S.C. § 1962(d), and conspiracy to distribute methamphetamine and heroin, 21 U.S.C. §§ 841(a)(1), 846. We write for the parties and assume their familiarity with the facts.

We have jurisdiction under 28 U.S.C. § 1291. We affirm the appellants' convictions and sentences, with the exception of appellant Steven Amador's sentence. We vacate Amador's sentence and remand for resentencing consistent with this memorandum disposition.

1. Each defendant was subject to penalties under 21 U.S.C. § 841(b) in connection with his conspiracy conviction. The district court instructed the jury that if it found a defendant guilty of the conspiracy charge, it had to determine "whether the government proved beyond a reasonable doubt that the amount of

---

[**] The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

[the specified drug] that was reasonably foreseeable to him or fell within the scope of his particular agreement equaled or exceeded" a specified amount. *Collazo*, 984 F.3d at 1317. Our en banc decision in *Collazo* held that these instructions concerning § 841(b) were erroneous. *Id.* at 1336. The en banc court held that "a defendant convicted of conspiracy under § 846 is subject to a penalty under § 841(b)(1)(A)–(B) if the government has proven beyond a reasonable doubt that the underlying § 841(a)(1) offense involved the drug type and quantity set forth in § 841(b)(1)(A)–(B)." *Id.*

A jury instruction misstating the law is subject to harmless error review. *United States v. Conti*, 804 F.3d 977, 980 (9th Cir. 2015). Here, the erroneous jury instructions were harmless, as the jury's specific findings with respect to each defendant necessarily satisfy the en banc court's requirements concerning § 841(b). Each defendant was convicted of conspiracy under § 846, and the jury further found that each conspiracy involved a requisite drug type and amount as prescribed in § 841(b).

2. The district court did not err by denying appellants' motion to suppress wiretap evidence. "The government must show that every wiretap it seeks is necessary." *United States v. Christie*, 825 F.3d 1048, 1066 (9th Cir. 2016). Here, the McKean affidavit in support of the government's wiretap application plainly

4

satisfies the "full and complete statement" requirement of 18 U.S.C. § 2518(c). Over the course of fourteen pages, the affidavit lists ten categories of traditional investigative tools that had been tried and failed, or were unlikely to succeed if tried, or too dangerous to try. *See United States v. Barragan*, 871 F.3d 689, 700 (9th Cir. 2017) (approving a similar affidavit involving a parallel investigation into the Mexican Mafia in San Diego County).

Because the McKean affidavit satisfies the "full and complete statement" requirement of § 2518(1)(c), the panel reviews the district court's necessity finding under § 2518(3)(c) for abuse of discretion. Necessity is "evaluated in light of the government's need not merely to collect some evidence," but to collect evidence sufficient to prove guilt beyond a reasonable doubt. *United States v. Reed*, 575 F.3d 900, 909 (9th Cir. 2009). In light of the McKean affidavit, it was not "illogical, implausible, or without support in inferences that may be drawn from the facts in the record" to conclude that the requested wiretaps were necessary. *See United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009).[1]

3. *Barragan* likewise forecloses appellants' challenge to the district court's "anonymous jury" procedure. 871 F.3d at 713. *Barragan* approved an identically-

---

[1] We have considered appellants' remaining procedural challenges to the wiretaps and find them meritless.

phrased juror questionnaire that stated that jurors' information would be reviewed "by the court and by the attorneys" but not "released to the general public or the media." *Id.* During voir dire, the district court offered the neutral justification that he was using juror numbers rather than names "because it is much quicker than reading names." *Id.* And here, as in *Barragan*, the district court repeatedly instructed the jury about the presumption of innocence. "We know of no case requiring more." *Id.*

4. The district court did not err by admitting the lay opinion testimony of FBI Special Agent Michael Rod and Detective John McKean about recurring nicknames and drug jargon used in intercepted communications. We have twice approved lay testimony provided by an investigating officer regarding the meaning of ambiguous terms "based upon [the officer's] direct knowledge of the investigation." *U.S. v. Gadson*, 763 F.3d 1189, 1206 (9th Cir. 2014) (internal quotation marks omitted) (alteration in original); *United States v. Freeman*, 498 F.3d 893, 904–05 (9th Cir. 2007). Because the testimony of Agent Rod and Detective McKean goes no further than the testimony approved in *Gadson* and *Freeman*, the district court did not abuse its discretion by admitting their testimony. Finally, to the extent Detective McKean's testimony about the meaning

6

of the terms "runners" and "rent" conveyed inadmissible hearsay, the district court's error in admitting it was harmless.

5. The district court did not err by denying appellant Collazo's motion for substitute counsel. The Sixth Amendment requires the district court to appoint new counsel if it determines that the defendant "has become embroiled in [an] irreconcilable conflict" with his attorney. *Brown v. Craven*, 424 F.2d 1166, 1170 (9th Cir. 1970). No such conflict persisted here.

Indeed, the record suggests that any breakdown in communication at trial between Collazo and his attorney Mary Franklin resulted from Collazo's own intransigence. Franklin attempted to accommodate Collazo, for instance, by securing a second chair attorney for Collazo's trial. By contrast, after the court indulged Collazo's request for a new male attorney, Collazo refused altogether to meet with that attorney. Collazo's "main issue" with Franklin—that she is a woman—cannot support an irreconcilable conflict between them. *See Cf. United States v. Roston*, 986 F.2d 1287, 1292–93 (9th Cir. 1993) (refusing to find irreconcilable conflict when communication breakdown was client's fault).

The district court likewise did not abuse its discretion by declining to appoint substitute counsel at sentencing. Because Collazo never requested a new attorney at sentencing, he has waived this argument. When the court asked

Collazo, he merely replied that he wished to go forward with sentencing. After a continuance, Collazo did not request new counsel, and Franklin argued on his behalf. Regardless, the district court did not abuse its discretion in declining to appoint new counsel for sentencing. Having witnessed Collazo and Franklin's interaction first-hand, the district court was not required to inquire further before proceeding.

6. The district court did not err by denying Delgado's motion for judgment of acquittal. Delgado does not dispute that "the government showed that *Garibay* was involved in a drug trafficking conspiracy." (emphasis added). He contends only that the government did not prove that Delgado knowingly participated in Garibay's conspiracy. Because Delgado does not dispute "the existence of a conspiracy," he can prevail only if he can show that no rational juror could have found that he had "even a slight connection" to the conspiracy. *United States v. Perlaza*, 439 F.3d 1149, 1177 (9th Cir. 2006).

The government introduced overwhelming evidence of Delgado's connection to Garibay and other street-level drug dealers. Delgado sent numerous text messages to Garibay for payment after drug sales. ("homie is a lil disappointed for not doing what were supposed b doing"). The jury heard an intercepted call in which Delgado warned a drug dealer that he had to send "love" if he wanted to

8

continue selling. And another witness testified that she delivered regular cash payments to Delgado. Viewed in the light most favorable to the prosecution, this evidence more than suffices to establish the requisite "slight connection" between Delgado and Garibay's activities.

7. The district court did not abuse its discretion either by applying a two-level enhancement to Delgado's base offense level for distribution of controlled substances in prison or by applying a two-level role enhancement. Based on Delgado's offense level and criminal history, the district court's 210-month sentence—at the low end of the Guidelines range—was substantively reasonable.

Ample evidence supported the conclusion that Delgado participated in a conspiracy with the object of distributing a controlled substance in prison. At trial, the government introduced significant evidence of a months' long effort to import heroin and methamphetamine. The government introduced evidence that Delgado, for his part, offered to pick up payments from prison pooled into a $1500 "green dot" payment to pass along to made member Luis "Boo-Boo" Garcia. He told Rebecca Padilla, Boo-Boo Garcia's fiancé, that "that is what I'm here for." Although Delgado disputes that this evidence supports the further inference that he intended to coordinate prison payments in furtherance of the conspiracy, the district court did not clearly err in drawing that factual inference. Accordingly, the

9

district court also did not abuse its discretion by holding under U.S. Sentencing Guideline § 2D1.1(b)(4) that the "object" of Delgado's offense involved the distribution of controlled substances in prison.

The same is true of the two-level role enhancement under U.S. Sentencing Guideline § 3B1.1(c). Section 3B1.1 provides for (a) a four-level increase to a defendant's offense level if a defendant was "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive"; (b) a three-level increase if a defendant was a "manager or supervisor (but not an organizer or leader)" in such activity; and (c) a two-level increase if a defendant was "an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b)." By invoking subsection (c), the district court found, at a minimum, that Delgado was a manager or supervisor in a non-extensive criminal activity. That determination was well within the district court's discretion, based on the substantial evidence introduced at trial that Delgado exercised authority over Garibay and other local drug dealers. *See, e.g.*, (Garibay telling informant that he would "put them on the phone with" Delgado); (Delgado texting Garibay to request taxes); (testimony about other dealers sending cash in envelopes to Delgado).

10

Finally, the district court did not abuse its discretion by sentencing Delgado to a 210-month sentence. *See United States v. Ressam*, 679 F.3d 1069, 1085 (9th Cir. 2012) (en banc) (sentence should be reversed as substantively unreasonable only if it would "damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law").

8. Amador contends that the district court failed to identify and apply the correct legal rule when it applied a four-level aggravating-role enhancement under U.S. Sentencing Guideline § 3B1.1(a).[2] We agree.

Under Section 3B1.1 application note 4, a district court "should consider" seven factors when applying a four-level enhancement for a "leader or organizer" as opposed to a three-level role enhancement for a "manager or supervisor." Here,

---

[2] The government contends that Amador raises this procedural error for this first time on appeal, and so his claim should be reviewed for plain error. To be sure, Amador did not object to the district court's failure explicitly to apply the Guidelines factors below. But he did object to his aggravating-role enhancement, both through written objections and at his sentencing hearing. *See* (contending that evidence did not establish that Mr. Amador was "a high-level associate who operated as a secretary") "Once a federal claim is properly presented, a party can make any argument in support of that claim; parties are not limited to the precise arguments they made below." *United States v. Williams*, 846 F.3d 303, 311 (9th Cir. 2016) (quoting *Yee v. City of Escondido*, 503 U.S. 519, 534 (1992)). Because Amador's claim remains that the district court erred by applying a four-level sentencing enhancement, he did not waive any arguments advanced on behalf of that claim. Accordingly, we review Amador's claim for abuse of discretion.

11

the district court made no mention of the Guidelines factors. In a single sentence, the district court announced: "It certainly appears pretty clear to me that Mr. Amador did have, in fact, an aggravated role in this conspiracy." The district court offered no further explanation, even though Amador's pre-sentencing report (PSR) recommended only a *three-level* increase.

To impose an aggravating role enhancement, the district court must "mak[e] specific findings that [the defendant] qualifies for the adjustment." *United States v. Harper*, 33 F.3d 1143, 1151 (9th Cir. 1994). Because the district court made no specific findings that Amador qualified for a four-level enhancement, we vacate Amador's sentence and remand for resentencing.

The appellants' convictions and sentences are otherwise affirmed.

**AFFIRMED IN PART; VACATED IN PART; REMANDED.**