NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 4 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONALD SIAO,

Defendant - Appellant.

No. 24-1486

D.C. No.
5:21-cr-00267-BLF-1

MEMORANDUM*

---

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted April 2, 2025**
San Francisco, California

Before: HURWITZ, KOH, and JOHNSTONE, Circuit Judges.

Donald Siao appeals his conviction under 21 U.S.C. § 841(a)(1) for the

unauthorized distribution of a controlled substance. We have jurisdiction under 28

U.S.C. § 1291. Because the parties are familiar with the facts, we do not recount

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

them here, except as necessary to provide context to our ruling.

Siao's sole claim of error involves a jury instruction to which he did not object at trial. When there is no objection to a jury instruction at trial, we review for plain error. *See United States v. Conti*, 804 F.3d 977, 981 (9th Cir. 2015). Under the plain error standard, relief is not warranted unless there has been an error, that was plain, which affected the defendant's substantial rights, and "seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Walter-Eze*, 869 F.3d 891, 911 (9th Cir. 2017). Finding no plain error, we affirm.

"Except as authorized," it is "unlawful for any person knowingly or intentionally—to manufacture, distribute, or dispense . . . a controlled substance." 21 U.S.C. § 841(a)(1). Conduct is unauthorized if it is not "issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice." 21 C.F.R. § 1306.04(a). "After a defendant produces evidence that he or she was authorized to dispense controlled substances, the Government must prove beyond a reasonable doubt that the defendant knew that he or she was acting in an unauthorized manner, or intended to do so." *Ruan v. United States*, 597 U.S. 450, 454 (2022). In other words, the government must "prove not only that the conduct was unauthorized, but also that the defendant knew or intended it to be unauthorized." *United States v. Pham*, 120 F.4th 1368,

1371 (9th Cir. 2024) (citing *Ruan*, 597 U.S. at 468).

The disputed jury instruction stated that to convict, the jury was required to find that: "Donald Siao knowingly or intentionally acted in an unauthorized manner. 'Unauthorized manner' means that the distribution of the controlled substance was outside of the usual course of professional practice and without a legitimate medical purpose." Although the parties' stipulated jury instruction may have more clearly conveyed the objective and subjective elements of unauthorized distribution, the given instruction sufficiently conveys the elements of § 841(a)(1) because it requires the jury to find both that Siao knowingly or intentionally acted in an unauthorized manner and that his actions were in fact unauthorized. *See United States v. Feingold*, 454 F.3d 1001, 1008-09 (9th Cir. 2006) (instructing which elements the government must prove, and suggesting that a similarly combined instruction would be sufficient). Any ambiguity in the instruction was not "clear or obvious" error and thus was not plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

**AFFIRMED.**